BEAUMONT TRACTION CO. v. COOPER et ux. (No. 440.)

(Court of Civil Appeals of Texas. Beaumont. April 9, 1919. Rehearing Denied April 23, 1919.)

1. APPEAL AND ERROR ⬅1012(1)—REVIEW—PREPONDERANCE OF EVIDENCE — BIAS OR PREJUDICE.

Court of Civil Appeals has nothing to do with question of preponderance of evidence, except in cases where preponderance against trial court's finding on question of fact is so clear as to suggest bias or prejudice.

2. APPEAL AND ERROR ⬅1071(3)—ERRONEOUS FINDINGS—IMMATERIALITY.

In action for personal injuries, court's finding that plaintiff's shoulder was dislocated, not supported by evidence, was not prejudicial error, where he was severely injured, and there was no contention that the amount awarded him was excessive.

Appeal from Jefferson County Court at Law; D. P. Wheat, Judge.

Suit by C. L. Cooper and wife against the Beaumont Traction Company for damages for personal injuries. Judgment for plaintiffs, and defendant appeals. Affirmed.

Orgain, Butler, Bolinger & Carroll, of Beaumont, for appellant.
C. W. Howth, of Beaumont, for appellees.

HIGHTOWER, C. J. Appellees, Cooper and wife, filed this suit in the county court at law of Jefferson County, against appellant, Beaumont Traction Company, claiming damages in the sum of $1,000, in consequence of personal injuries alleged to have been negligently inflicted upon them on the 25th day of December, 1917. Appellees, in their petition claimed that on the day stated they and others, while traveling in an automobile truck, were injured in consequence of a collision between one of appellant's street cars and said automobile truck. The acts of negligence complained of, as specified, were that the motorman in charge of the street car failed to ring his bell, or sound a gong, or give any other warning or notice of the street car's approach to the crossing of Calder avenue and Fifth street, and also that the street car was traveling at an excessive and dangerous rate of speed, and that the operatives thereof negligently failed to slow down the speed of the street car as it approached the crossing of Fifth street and Calder avenue, where the collision occurred.

Appellant answered by general denial and general plea of contributory negligence on the part of Cooper and wife. The cause was tried before the court without a jury, and resulted in a judgment for appellees against appellant for the sum of $550; $450 of that amount being in favor of Mrs. Cooper, and $100 in favor of Mr. Cooper. The trial court filed findings of fact and conclusions of law, as follows:

"This is a suit by C. L. Cooper and wife, Minnie Cooper, against the defendant Beaumont Traction Company for damages sustained by them and each of them on December 25, 1917, in the city of Beaumont, by reason of defendant's street car striking against and colliding with the automobile truck in which plaintiffs were riding. I find that on said day the plaintiff and his wife were riding in an automobile truck going north on Fifth street on said day, and that, when the driver of the truck reached the point where Calder avenue crosses Fifth street, Calder avenue running east and west and Fifth street running north and south, in the city of Beaumont, the driver of the truck saw defendant's street car about a block away before attempting to cross Calder street, and that he would have had plenty of time to cross Calder avenue and the street car tracks thereon before the street car reached Fifth street, had the street car slowed its speed down before reaching Fifth street. I further find that it was the custom and habit of the motormen, in charge of Calder cars of the defendant, of slowing down the speed of said cars before reaching the intersecting streets, and that the driver of the automobile truck at the time of the injury knew and relied upon this custom. I further find that the automobile truck was traveling at the rate of 8 or 10 miles per hour at the time it approached Calder avenue and while crossing said avenue, and that the Calder avenue car which collided with the automobile truck was traveling easterly at the rate of about 25 miles per hour.

"I further find that the automobile truck, including the body of the truck, was about 30 feet long, and that it could and would have safely crossed Calder avenue on Fifth street before the street car reached Fifth street, had the street car slowed down its speed as was its custom to do before reaching Fifth street, but that as a matter of fact the street car did not slow down its speed. I further find that the plaintiff C. L. Cooper, by reason of the great force of the collision, was thrown out of the automobile truck in which he was riding, underneath the street car, and that he struck the brick pavement below on his shoulder, which sprained and dislocated and bruised his shoulder, which has caused him more or less pain ever since the collision. I further find that the plaintiff Minnie Cooper received severe injuries to her back, and that as a result she was confined to her bed for about two months after the injury, and that the injury to her back is probably permanent, and that it has left her in a weakened,

nervous, debilitated condition, and that she has been unable to perform her household duties, and that she has incurred by reason of such injuries bills for medicine and medical attendance which were necessary and of the reasonable value of $150, and that she has suffered a great deal of physical pain, and still continues to suffer. I find that the sum of $100 will fairly and reasonably compensate the plaintiff O. L. Cooper for the injuries he sustained, and that the sum of $450 will fairly and reasonably compensate the plaintiff Minnie Cooper for the injuries she has sustained.

"Conclusions of Law.

"I find that the direct and proximate cause of the accident and injury to the plaintiffs was the excessive rate of speed at which said street car was operated at and before the time it collided with the automobile truck, and that said excessive rate of speed of said street car was negligence on the part of the defendant; and I further find that the driver of the automobile truck and the plaintiffs were not guilty of contributory negligence or negligence of any kind in attempting to and crossing Calder avenue on Fifth street on the occasion of the injuries to plaintiffs. I further find that the failure of the motorman in charge of said street car was guilty of negligence in failing to slow down the rate of speed of said street car as it approached Fifth street at and before the time of the injuries to plaintiff. I further find that the failure of the motorman to slow down or reduce the rate of speed of the car, as it approached Fifth street, and the excessive rate of speed at which the car was traveling, was the direct and proximate cause of the injuries to the plaintiffs."

Appellant, by proper assignments of error, challenges practically each finding of fact made by the trial court, as above shown; the contention being, in connection with each such assignment, that the finding complained of was against the preponderance of the evidence, and was without support in the evidence.

[1] The contention that the findings of fact complained of were against the preponderance of the evidence may be conceded, and still it would not follow that this court would be authorized to disturb the judgment on that ground. This court has nothing to do with the question of preponderance of the evidence, except in cases where the preponderance against a jury's verdict or trial court's finding on a question of fact is so clear as to suggest bias or prejudice on the part of the jury or trial judge, or some other wrong

motive, and in this instance appellant does not claim that the preponderance of the evidence was so clear against the trial court's findings of any fact as to suggest prejudice or bias or other improper motive. After a careful examination of the entire statement of facts, we have reached the conclusion that each finding of fact made by the trial court, as shown above, has support in the evidence sufficient to sustain each such finding, and therefore all assignments of error challenging such findings are overruled.

[2] One finding of fact, made by the trial court and complained of by appellant's seventh assignment, was to the effect that Mr. Cooper's shoulder was sprained and dislocated in consequence of the collision in question. It is true, as contended by appellant, that the trial court's finding that Cooper's shoulder was dislocated does not find support in the evidence. In other words, while it is true that the evidence shows that Cooper was injured in and about the shoulder, there is no testimony to the effect that a dislocation took place. The matter becomes immaterial, however, because there is really no contention that the amount awarded Cooper was excessive, and, if there were such contention, it could not be sustained, because it is apparent that he was to some extent injured and caused some physical pain and suffering, and confined to his bed several days, and he stated that he got up sooner than he felt able to because of his necessitous circumstances at the time.

This is a companion case to that of Beaumont Traction Co., Appellant, v. E. W. Arnold and Wife, Appellees, 211 S. W. 275, this day decided by this court, and the questions raised in this case are practically the same as those decided in the Arnold Case, and therefore reference is made to the opinion in that case, showing the views entertained by this court as to all contentions made in this case. We do not deem it necessary to discuss more at length any contention made by appellant in this case. We are of opinion that the issues presented were clearly issues of fact only, and they have been determined in favor of appellees upon evidence sufficient, if given credence by the trial court, to sustain the judgment rendered.

All assignments are therefore overruled, and the judgment of the trial court affirmed.