### BEAUMONT TRACTION CO. v. ARNOLD et ux. (No. 439.)

(Court of Civil Appeals of Texas. Beaumont. April 9, 1919. Rehearing Denied April 23, 1919.)

1. APPEAL AND ERROR ☜1012(2)—REVIEW—EVIDENCE—PREPONDERANCE—BIAS OR PREJUDICE.

Court of Civil Appeals may not reverse case because preponderance of evidence is against findings, where there is any evidence to support them, unless preponderance is such that it suggests prejudice or bias, or improper motives, on part of trial judge.

2. TRIAL ☜396(2)—FINDING—CONFORMITY TO PLEADING.

In action for injuries received in collision between motor truck and street car, a finding that it was customary for defendant's cars to slow down for crossing was not authorized, where existence of custom was not alleged.

3. APPEAL AND ERROR ☜1071(1)—HARMLESS ERROR—FINDING NOT SUPPORTED BY PLEADING.

In personal injury action, finding of custom of defendant's street car to slow down for crossing, not based on any pleading, is harmless, where negligence of defendant was not based, thereon.

4. STREET RAILROADS ☜111(2) — CROSSING ACCIDENT—EVIDENCE—CUSTOM—PLEADING.

Evidence that it was the custom of street railroad company's cars to slow down for street crossings was admissible on the issue of contributory negligence of the driver of a motor truck, although such custom was not pleaded by him.

5. DAMAGES ☜130(1)—EXCESSIVE DAMAGES—PERSONAL INJURIES—SUFFERING.

Where plaintiff was caused to suffer a good deal of physical pain, was confined in bed for two weeks by her injuries, and continued to suffer until the time of the trial, a judgment for $350 damages for personal injuries held not excessive.

6. STREET RAILROADS ☜117(8) — CROSSING ACCIDENT—COLLISION—PERSONAL INJURY—SPEED—NEGLIGENCE.

Whether it was negligence to operate a street car at a speed of 25 miles per hour near a crossing held to be a question of fact.

7. STREET RAILROADS ☜114(6) — CROSSING ACCIDENT—SUFFICIENCY OF EVIDENCE.

A finding that it was negligence to operate a street car at a speed of 25 miles per hour near a crossing held warranted by the evidence.

Appeal from Jefferson County Court at Law; D. P. Wheat, Judge.

Suit by E. W. Arnold and wife against the Beaumont Traction Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Orgain, Butler, Bolinger & Carroll, of Beaumont, for appellant.

C. W. Howth, of Beaumont, for appellees.

---

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

HIGHTOWER, C. J. Appellees, E. W. Arnold and wife, brought this suit against appellant, Beaumont Traction Company, in the county court at law of Jefferson county, to recover damages because of personal injuries to Mrs. Arnold, alleged to have been caused by negligence on the part of appellant on the 25th day of December, 1917. Substantially stated, appellees' petition alleged that they and others were traveling in an automobile truck, and while crossing appellant's street car track in the city of Beaumont, at the regular crossing of Calder avenue and Fifth street, one of appellant's street cars collided with said automobile truck, and that in consequence of such collision Mrs. Arnold was injured; her injuries being more specifically stated in the petition. The grounds of negligence alleged were, substantially, that appellant's street car was being run and operated at a dangerous and excessive rate of speed, and that appellant's employés in charge of said street car at the time negligently failed to reduce the speed of the street car as the same approached the crossing on which the accident occurred, and that said employés also negligently failed to sound the gong or give other warning of the approach of said street car to said crossing, and that such acts of negligence proximately caused Mrs. Arnold's injuries.

Appellant answered by general denial and general plea of contributory negligence on the part of both appellees. The case was tried before the court without a jury, and resulted in a judgment in favor of appellees for $350.

The trial judge filed findings of fact and conclusions of law as follows:

"This is a suit by Annie Arnold, joined by her husband, E. W. Arnold, for damages to the said Annie Arnold, sustained in a collision between one of defendant's street cars and an automobile truck in which the plaintiffs were riding on the 25th day of December, 1917. I find as a matter of fact that the automobile truck in which plaintiff was riding was on its right-hand side of Fifth street in the city of Beaumont, traveling in a northerly direction, and that the motor and the truck were about 30 feet long, and that while crossing the street car track, just before the rear end of the truck cleared the north rail of the street car track on Calder avenue, that an east-bound Calder street car struck and collided with said rear end of said automobile truck with great force and violence, and knocked the plaintiff from one end of the truck in which she was riding to the other end, a distance of some 15 or 20 feet, and that by reason thereof she received and sustained internal injuries, and that the muscles of the abdominal region and back and left hip were severely sprained, and that she was confined to her bed for a period of about two weeks by reason of said injury, and suffered great physical pain, and that by reason thereof she incurred an expense of about $40 for medicine and medical attention, which was the reasonable value of same, and that she had suffered more or less since said time as a result of said injuries.

"I further find that at the time of the collision, and immediately before it, the automobile truck was traveling about 8 or 10 miles per hour, and that the street car was traveling about 25 miles per hour.

"I further find that the driver of the automobile truck, before attempting to cross said track, saw the street car traveling easterly on Calder avenue nearly a block away from the point where Fifth street intersects Calder avenue. I further find that it was a habit and custom of motormen in charge of street cars on Calder avenue to slow down for street crossings, which was well known to the driver of the truck, and that the street car did not, on the occasion in question, slow down its speed at and before the time it reached this street crossing, and that, had it slowed the car down, as was the custom, it would have avoided striking the automobile truck and injuring the plaintiff. I further find that the sum of $350 will fairly compensate the plaintiff for the injuries she sustained.

"Conclusions of Law.

"I find that the plaintiff (Mrs. Arnold) and the driver of the automobile truck were not guilty of contributory negligence, and were not guilty of negligence of any kind in attempting to and crossing Calder avenue on Fifth street on the occasion of the injury to plaintiff. I find as a matter of law, under the facts, that the excessive rate of speed at which defendant's street car was traveling at and before the time of the collision, to wit, about 25 miles per hour, and the failure of the motorman in charge of said street car to reduce its speed as it approached Fifth street, under all the circumstances and facts, was negligence, and that such negligence on the part of defendant and its agents and servants in charge of said street car was the direct and proximate cause of the injury received by Mrs. Annie Arnold."

Appellant concedes in its brief that its first and second assignments of error are entirely too general to be considered by this court, and we dismiss them without further mention.

[1] By proper assignments, appellant assails practically every finding of fact made by the trial court as above shown; its complaint being, under such assignments, that such findings were against the preponderance of the evidence, and that such findings were without support in the evidence. We shall not take these assignments up separately, nor discuss the evidence relating to the several findings of fact, but will say that, after consideration of the evidence relating to such findings, we are of the opinion that the findings of fact made by the court cannot be said to be without support in the evidence; but, on the contrary, there was sufficient evidence relating to each finding, which, if given credence by the court, was sufficient to warrant each finding complained of. As to the contention that this court should reverse the judgment, because the evidence preponderates against such findings, as claimed by appellant, we might say that

this court really has nothing to do with the question of preponderance of the evidence, and would only be authorized to review the trial court's findings of fact, where they have any support in the evidence, upon the ground that the evidence as a whole so clearly preponderates against such findings as to suggest prejudice or bias or other improper motive on the part of the trial judge, and such is not claimed by appellant in this case. Therefore we adopt the findings of fact of the trial court, as shown above, and hold that there was sufficient evidence in support of each of such findings to sustain them.

[2-4] Appellant complains that the trial court was not authorized to find as a fact that it was customary for appellant's street cars on Calder avenue to slow down for street crossings, and that such custom was not observed on the occasion in question; one of its complaints in this connection being that there was no pleading on the part of appellees to the effect that such custom existed, and that there was no claim of negligence on the part of appellees contained in the pleadings because of a failure to observe such custom on the occasion in question. It is true that there was no allegation in appellee's petition that such custom existed, and therefore the existence of such custom and the failure to observe it could not be made a ground of negligence upon which to base recovery in this case, but it is apparent from the court's findings and conclusions that he did not base his judgment in favor of appellees upon any negligence in failing to observe the custom of slowing down the street cars, but merely found as a fact that such custom existed, and that it was not observed on this occasion. There was no harm done to appellant, so far as we are able to see in this connection, even though there was no allegation of negligence in failing to observe such custom. The fact that such custom existed, though it was not claimed that a failure to observe it constituted negligence on the part of appellant, might still be relevant as bearing on the defense of contributory negligence interposed by appellant.

[5] The contention of appellant, to the effect that the judgment in favor of appellees for $350 because of injuries to Mrs. Arnold is excessive, cannot be sustained. The record shows, or at least evidence in behalf of appellees was sufficient to show, that Mrs. Arnold, in consequence of the collision in question, was caused to suffer a good deal of physical pain, and was confined in bed some two weeks, on account of her injuries, and really the evidence in that connection is sufficient to show that at the time of the trial she was still suffering to some extent because of the injuries received in the collision.

[6, 7] It is also contended by appellant that the judgment ought to be reversed because the court's finding that the rate of speed at which the street car was running at the time, to wit, 25 miles per hour, on the occasion in question, was negligence, has no support in the evidence; it being contended that there was nothing to authorize the conclusion that such speed was negligence, in that it was not shown that the crossing on which the collision occurred was extensively used, nor was it shown what character of use was made of the crossing, etc., or why appellant's street cars might not have been safely operated in that vicinity at the rate of 25 miles per hour. Appellant has cited several railroad cases as sustaining its contention in this respect, but, without discussing them, we hold that they have no application here. It was shown by the evidence in this case that the crossing on which the collision occurred was used by vehicles and automobiles generally, though the evidence does not disclose the exact extent to which such use went, and it was disclosed that the accident happened in the city of Beaumont, and several photographs introduced by appellant, and which have been brought up in this record, show the streets—that is, Calder avenue and Fifth street—to be paved streets in the city, and these photographs also show that the streets in that particular place are well kept, or appear to be so, and further show that the property on both sides of Calder avenue at this particular point is not vacant, but occupied by several nice-looking residences and well-kept yards. It is not a case where liability is sought to be shown against a railroad company in operating its trains at any particular rate of speed out on its line in a sparsely populated territory, and the reason for the rule announced in those cases does not apply.

Clearly, it was a question for the trial court to say, under the facts and circumstances in this case, whether or not it was negligence on the part of appellant to operate its street car at a speed of 25 miles per hour on Calder avenue, where this injury occurred, and, having determined that point in favor of appellees, we would not be authorized in finding to the contrary. Besides this, the trial court found that, under the facts and circumstances before him, appellant's street car ought to have been slowed down on its approach to the crossing where the injury occurred, and found that it was not so slowed down, and that such failure on the part of appellant's operatives was negligence, and was a proximate cause of the injury complained of. This, in itself, would be sufficient to uphold the judgment in favor of appellees, and appellant's contention in this connection cannot be sustained.

The view we take of this case is that the questions involved were purely questions of fact, and, such questions having been determined in favor of appellees, upon evidence sufficient to warrant such determination,

this court would not be authorized to interfere with the judgment in this case.

All assignments of error are therefore overruled, and the judgment will be affirmed; and it is so ordered.

---

⚖➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes