FRAZIER *v.* STATE.

Opinion delivered May 21, 1892.

1. *Rape—Physical examination.*

In a prosecution for rape the court properly refused to charge the jury, upon defendant's request, that "in order to support the testimony of a female that she has been raped an examination of her person should have been made immediately, say, within a day or two, after the act was charged to have been commited;"

also that " it is not proper to convict a man of the charge of rape upon the testimony of the woman alone, unless she has been subjected to proper medical examination within such time as will enable a discovery as to such marks of violence on the body at other points than those at the immediate point of penetration."

2. *Instruction—Credibility of witness.*

An instruction that " if the jury find that any witness has sworn falsely to any material fact, they may, if they see proper, disregard the whole testimony of such witness " is improper, since false swearing would warrant the jury in disregarding the entire testimony of a witness only when it was wilfully done, and when the jury did not believe the other parts of the testimony.

Appeal from Cleveland Circuit Court.

CARROLL D. WOOD, Judge.

Frazier appeals from a conviction of rape. The evidence of the prosecuting witness was to the effect that the appellant gained possession of her person without physical force, but by means of threats of choking her if she resisted or made outcry. Appellant insists that the trial court erred, (1) in that there was no proof of the venue of the offense, (2) in refusing to give the fourth and seventh instructions asked by him and copied in the Reporter's first head-note to this opinion, and (3) in giving certain instructions asked by the State.

*Met L. Jones* for appellant.

1. The venue is not proven.

2. No force whatever is shown.

3. The court erred in refusing the fourth and seventh requests for appellant.

*W. E. Atkinson*, Attorney General, and *Charles T. Coleman* for appellee.

1. The fourth and seventh requests for instructions were properly refused. They are not the law.

2. It is not necessary that physical force be used. Any intimidation, by threats or otherwise, which over-

comes the will is sufficient. 32 Ark. 710; 13 id. 360; 2 Bish. Cr. Law, sec. 1125.

3. The venue may be inferred from the circumstances in proof.

1. As to physical examination in rape cases.

HEMINGWAY, J.   There is no proof of the venue of the offense, and the judgment cannot be sustained. As the case must be retried, we have thought best to consider the charge to the jury. We think the court properly refused to give the fourth and seventh instructions asked by defendant;* we have been directed to no principal or precedent in support of them, and they embody principles that seem necessarily unsound.

2. Instruction as to credibility of witnesses considered.

There was no error in the instructions given for the State, unless it be found in the following: "If the jury find that any witness has sworn falsely to any material fact, they may, if they see proper, disregard the whole testimony of such witness." False swearing as to a particular fact warrants a jury in discrediting the entire testimony of a witness only when it is wilful, and the instruction is incomplete in omitting this. Moreover, the instruction might be construed as warranting a jury in disregarding testimony which it believed to be true, if it emanated from a witness who had sworn falsely to some other fact. Thus construed, it does not reflect the law, for, although a witness is found to have wilfully testified falsely to a material fact, the jury will not be warranted in disregarding other parts of his testimony which appear to be true.

As there is absolutely no proof of venue, the judgment must be reversed, and the cause remanded.

---

* The instructions referred to are copied in the Reporter's first head-note.