JONES v. STATE.

Opinion delivered January 27, 1894.

1. *Murder—Indictment of accessory.*

An indictment of an accessory for murder, which, in appropriate terms, alleges that the principals committed the murder "unlawfully, wilfully, feloniously, with malice aforethought, with deliberation and premeditation," and charges that defendant "unlawfully, wilfully and feloniously" did advise and encourage the principals to commit the murder "in manner and form aforesaid," is sufficient, without alleging that the advising and encouraging was done "with malice aforethought, with deliberation and premeditation."

2. *Necessity of proof of venue.*

A verdict is against the evidence where there is an utter want of proof of the venue.

3. *Evidence—Opinion of witness.*

On trial of an accessory, testimony of one of the principals, consisting of his opinions as to defendant's participation in the crime, is inadmissible.

4. *Accessory—Evidence.*

On trial of a woman as accessory to the murder of her husband, the jury could not, without connecting proof, consider as proof of her guilt the facts that the principal, six months before he

---

shot and killed defendant's husband, asked a physician for an
emetic for deceased, and that defendant's photograph and a
package of "white powder," alleged to be strychnine, were
found in the principal's trunk.

5. *Examination of juror—Capital case.*

On trial of a capital case, the prosecuting attorney may ask
jurors upon their *voir dire* if they have any conscientious
scruples that would preclude them from bringing in a verdict
of guilty in a case where the punishment is death, if the law
and evidence justified them in doing so.

Appeal from Lonoke Circuit Court.

JAMES S. THOMAS, Judge.

STATEMENT BY THE COURT.

The appellant, Harriett Jones, was indicted in the
Lonoke circuit court, on the 7th day of January, 1893,
for the crime of being accessory to the murder in the
first degree of her husband, Lafayette Jones ; the indict-
ment being as follows, to-wit : "The grand jury of
Lonoke county, in the name and by the authority of the
State of Arkansas, accuse Harriett Jones of the crime
of 'accessory before the fact' to murder in the first de-
gree, committed as follows, to-wit : That . Millege
Mitchell, Green Brewer and William Brooks, in the
county and State aforesaid, on the 5th day of December,
A. D. 1892, unlawfully, wilfully, feloniously, with
malice aforethought, with deliberation and premedita-
tion, did kill and murder one Lafayette Jones, with a
gun then and there loaded with gun powder and leaden
balls and shot ; and that the said Harriett Jones, in the
county and State aforesaid, on the 1st day of December,
1892, before the said murder was committed in form
aforesaid, unlawfully, wilfully and feloniously did ad-
vise and encourage the said Millege Mitchell, Green
Brewer and William Brooks, to do and commit the mur-
der, in manner and form aforesaid, against the peace and
dignity of the State of Arkansas." On the 18th of
August, 1893, appellant was tried and convicted on said

charge and sentenced to imprisonment in the penitentiary for a term of five years. Exceptions were duly taken and reserved to all points insisted upon.

Motion in arrest of judgment, "because the facts stated in the indictment do not constitute a public offense within the jurisdiction of the court," was filed and over-ruled. Motion for new trial was filed and overruled, the same being in words and figures as follows, to-wit : "1st. Because the verdict is against the law. 2nd. Because the verdict is against the evidence. 3rd. Because the verdict is against the law and evidence. 4th. Because the court erred in admitting the testimony of Green Brewer. 5th. Because the court erred in admitting certain portions of the testimony of Dr. J. M. King. 6th. Because the court erred in admitting certain portions of the testimony of Maria Mitchell. 7th. Because the court erred in admitting certain portions of the testimony of Millege Mitchell. 8th. Because the court erred in excluding the testimony of Eugene Lankford. 9th. The court erred in permitting the prosecuting attorney, after the jury had been sworn to make true and perfect answers to such questions touching their qualifications as jurors in this case, to examine said jurors as to their qualifications in a case where the punishment was death, and as to their conscientious scruples in bringing in a verdict of guilty if the law and evidence justified them in doing so in such a case. 10th. The court erred in excluding Jack Clemens and W. N. Brans-ford, jurors, who had been sworn to make true and perfect answers to such questions as may be asked them touching their qualifications as jurors in the case, and who had been examined by the prosecuting attorney, and found to be qualified jurors, except upon the questions propounded by the prosecuting attorney, to-wit, if they had any conscientious scruples that would preclude them from bringing in a verdict of guilty in a case where the

punishment was death, if the law and evidence justified them in doing so, and the said jurors said that they had; thereupon the court excused them respectively, peremptorily, alone for the cause above stated. 11th. Because the prosecuting attorney in his closing argument was permitted (to) and did state and present to the jury that Maria Mitchell, the wife of Millege Mitchell, found in his trunk some "white stuff" which was proved to be strychnine, and urged that as one of the circumstances upon which the jury should base a conviction in the case against defendant, and because said prosecuting attorney was permitted (to) and did state and present that Millege Mitchell went to one Dr. King and told him that the defendant had sent him, Mitchell, to him, the said King, to get a "puke," for Lafayette Jones, and also urged and insisted upon the jury to take that fact and circumstance in connection with other facts and circumstances, as proof of defendant's guilt. 12th. Because of newly discovered evidence, as appears from the affidavit of Green Brewer, hereto attached and marked "A" and made a part of this motion."

The affidavit of Green Brewer, made a part of the motion for new trial, appears to have been made on the 21st August, 1893, and is to the effect that his testimony given on the trial of Harriett Jones, in so far as it implicated her in any manner in the murder of Lafeyette Jones, or to the effect that she had knowledge that the same was going to be committed, was in fact false, and was given as it was because he thought, and because he was told, that it thereby would go easier with him ; Brooks, his co-defendant having been turned loose because he testified against him (affiant).    Other necessary facts are stated in the opinion.

*Thos. C. Trimble* for appellant.

1.    The indictment does not charge a capital crime, and it was error to allow the prosecuting attorney to

examine jurors as to their scruples as to capital punishment. If the indictment *did* charge a capital offense, defendant was entitled to a copy of the indictment before trial. Mansf. Dig. sec. 2152.

2. The jury was not selected as provided by law. *Ib.* secs. 2222-3.

3. The indictment is defective in failing to charge that defendant "unlawfully, wilfully, feloniously and with malice aforethought, and with premeditation and deliberation," did advise and encourage the perpetration of the crime. *Ib.* sec. 1521; 24 Ark. 347.

4. The verdict is defective, and at variance with the indictment.

5. It was error to admit the testimony of Dr. King as to two private conversations with Millege Mitchell. They were hearsay and irrelevant.

6. Maria Mitchell's testimony as to defendants picture and the "white stuff" in her husband's trunk should have been excluded. 45 Ark. 132.

7. Eugene Lankford's testimony was admissible—it was not privileged. 13 Johnson (N. Y.) 492; 42 N. W. Rep. 1063; 65 Miss. 179.

8. The venue was not proven. The verdict is not supported by the evidence.

*James P. Clarke*, Attorney General, and *Chas. T. Coleman* for appellee.

1. In the absence of a demand for a copy of the indictment, and any affirmative showing that defendant was not so served, it will be presumed that it was done or waived. 29 Ark. 116; 42 *id.* 94; 43 *id.* 391; 46 *id.* 141.

2. *Milan* v. *State*, 24 Ark. 347 has been overruled. 54 Ark. 493.

The indictment sufficiently charges the crime. Bishop, Dir. and Forms, sec. 539; 1 Starkie, Cr. Pl. etc., 87; 1 Arch. Cr. Pr. and Pl. 16.

3.   The declarations and conduct of Mitchell pending the criminal enterprise and tending to its accomplishment were admissible.   20 S. W. Rep. 588 ; 2 Bish. Cr. Pr. sec. 13; 4 Car. & P. 377.

4.   No foundation was laid for the admission of Lankford's testimony.   9 Am. Dec. 137 ; Mansf. Dig. sec. 2903 ; 37 Ark. 324; 21 S. W. Rep. 587 ; 25 Wend. 259 ; 16 How. 47.

BUNN, C. J., (after stating the facts.)   The motion in arrest of judgment was properly overruled, the indictment properly charging a crime within the jurisdiction of the court, and which, if sustained by proof, would have been sufficient to base the judgment of the court upon.   The objection to the indictment is that it fails to charge that defendant, before the murder was committed, unlawfully, wilfully, feloniously, *"and with malice aforethought, and with premeditation and deliberation,"* did advise and encourage the perpetration of the crime ; the contention of appellant being that the italicized words were necessary to the validity of the indictment, and, the same not having been employed, the indictment failed to charge an offense within the jurisdiction of the court.   This is answered by the attorney general that, these appropriate words having been employed in that part of the indictment which charges the crime of murder as having been committed by the principals, Mitchell, Brewer and Brooks, the part charging the crime of being accessory before the fact to the murder upon the appellant, in terms that she unlawfully, wilfully and feloniously advised and encouraged the principals to commit the murder *in manner and form as aforesaid*, meets all the requirements of good pleading, because the charge as to the accessory, by apt and appropriate words, relates back to and adopts the words used in the principal charge; and this is sustained by Bishop, Starkie and Archbold.   Bishop's Directions and Forms,

1.  Form of indictment of an accessory to a murder.

sec. 539; 1 Starkie, Cr. Pl. 87; 1 Archb. Cr. Pr. & Pl. 16. While the indictment, in this respect, is held to be good, yet the admonition from the best authorities is to the effect that it would be best in all cases to use the more extended form.

There being no objection to the instructions of the court, the first ground. of motion for new trial is probably intended as formal merely.

2. As to failure to prove venue.

The second ground, to the effect that the verdict is against the evidence, is well taken in one respect at least, and that is that there is an utter want of proof of venue—a failure which, according to the uniform ruling of the court, can but result in a reversal of the judgment. *Frazier* v. *State*, 56 Ark. 242.

The same of course is to be said of the third ground, in part.

3. Inadmissibility of opinion evidence.

The fourth ground, is based upon the court's admission of the testimony of Green Brewer, one of the principals. Much and most of his testimony consisted of opinions of his own as to the participation of defendant in the perpetration of the crime, and in so far was clearly inadmissible.

4. Evidence against an accessory considered.

The objection made in the 5th, 6th, 7th and 11th grounds of the motion for new trial all have reference to the testimony of J. M. King, Maria Mitchell and Millege Mitchell concerning the discovery in the latter's trunk, with the photograph of defendant, of a certain " white powder " said by Millege Mitchell to have been strychnine. It seems that some five or six months before the killing, at the instance of the defendant, Mitchell applied to Dr. King for an emetic for the deceased. This was given by King as requested. What connection this had with the strychnine in Mitchell's trunk, or what connection the strychnine had, or was intended to have, with the commission of the crime, no where appears. Hence, in the absence of such connecting proof, this evi-

dence could have no other effect than to show an intimacy between the defendant and Mitchell, and was otherwise irrelevant.

The motion for new trial on the eighth ground was properly overruled, as no predicate was laid upon which to impeach the testimony of Brewer by the testimony of Lankford, which the court refused to admit for this purpose.

The ninth and tenth grounds of motion for new trial, were not well taken. The defendant is charged with a capital offense. Sections 1505-6 Mansfield's Digest. This being true, it was altogether proper for the prosecuting attorney to ask the jurymen on their *voir dire* if they had any conscientious scruples that would preclude them from returning a verdict of guilty when the law and evidence would justify the same; and, on their answering the question in the affirmative, it was not error in the court to excuse them.

5. Examination of juror in capital case.

We deem it unnecessary, and even improper, to discuss the twelfth ground of the motion for new trial.

For the error mentioned, the judgment of the court is reversed, and the case is remanded for further proceedings.