## WARD v. STATE.

### Opinion delivered November 4, 1905.

1. VENUE—NECESSITY OF PROVING.—The venue in a criminal case is jurisdictional, and must be proved by the State. (Page 20.)

2. TRIAL—IMPROPER ARGUMENT.—It was error, in a prosecution for carnal abuse, for the prosecuting attorney, in his argument before the jury, to say: "You will have to brand the prosecuting witness as an infamous liar and a perjurer before you can acquit the defendant." (Page 20.)

Appeal from White Circuit Court; HANCE N. HUTTON, Judge; reversed.

*S. Brundidge, Jr.,* for appellant.

*Robert L. Rogers, Attorney General,* for appellee.

BATTLE, J. The grand jury of White County indicted B. H. Ward for carnally knowing and unlawfully abusing Eva Woodson, a female under the age of sixteen years. He was convicted

and his punishment assessed at imprisonment in the penitentiary for the period of one year.

The record in this court shows that the State failed to prove the county in which the offense was committed. This is a jurisdictional fact, and must be proved by the State. It is necessary to prove it in order to convict the defendant of a criminal offense. *Sullivant* v. *State,* 8 Ark. 400; *Holeman* v. *State,* 13 Ark. 105; *Reed* v. *State,* 16 Ark. 499; *McQuistian* v. *State,* 25 Ark. 435; *Frazier* v. *State,* 56 Ark. 242; *Jones* v. *State,* 58 Ark. 390; 22 Enc. Pleading & Practice, 827, and cases cited.

In his argument before the jury the prosecuting attorney said, "You will have to brand the prosecuting witness, Eva Woodson, as an infamous liar and a perjurer before you can acquit the defendant." This remark was highly improper.

For failure to prove the venue, the judgment is reversed, and the cause is remanded for a new trial.

Riddick, J., dissents.