Brock *v*. State.

Opinion delivered May 31, 1926.

1. CRIMINAL LAW—CORROBORATION OF ACCOMPLICE.—Testimony of an accomplice *held* sufficiently corroborated to sustain a conviction of larceny and burglary.

2. CRIMINAL LAW—SUFFICIENCY OF PROOF OF VENUE.—Evidence in a prosecution for larceny *held* to establish the venue.

3. CRIMINAL LAW—ADMISSION OF ACCOMPLICE.—Admission in evidence of the statement of an accomplice that accused, with himself and others, had stolen the cotton alleged to have been stolen, made after the cotton had been sold and the proceeds divided, *held* erroneous.

4. CRIMINAL LAW—ADMISSION OF EVIDENCE—PREJUDICE.—In a prosecution for larceny of cotton, the erroneous admission of the declaration of an accomplice that accused with himself and others stole the cotton was prejudicial where the jury might have considered it as corroborative of the accomplice's testimony.

5. CRIMINAL LAW—GENERAL OBJECTION TO INSTRUCTION.—A general objection to an instruction given in two paragraphs, one of which properly declared the law, was insufficient.

Appeal from Lonoke Circuit Court; *George W. Clark,* Judge; reversed.

*Walter A. Isgrig* and *Thos. C. Claiborne,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

HART, J. Pete Brock prosecutes this appeal to reverse a judgment of conviction against him for the crime of grand larceny and burglary.

The first assignment of error is that the evidence is not legally sufficient to sustain the verdict.

McKinley Pitts, an accomplice of the defendant, was a witness for the State. According to his testimony, Pete Brock, Lewis Stewart, Fred Stewart, and himself stole 900 pounds of seed-cotton and sold it for $27, and divided the proceeds of the sale.

It is contended by counsel for the defendant that the testimony of Pitts is not sufficiently corroborated to warrant the jury in convicting the defendant. We do not

agree with counsel in this contention. The State showed by other witnesses that the cotton was stolen from the Walt farm, and that the defendant was seen on the farm two days before the cotton was stolen. On the night the cotton was stolen, two automobiles came by the house of Alf Cunningham on the farm between eleven and twelve o'clock, and he could tell from the tracks around the cotton-pen that two cars had been there. One of the cars had a peculiar track, which was followed and led to the defendant's house. An examination of a car found in the defendant's garage showed that it made the same peculiar track as that which had been followed from the cotton-pen from which the cotton was stolen to the defendant's house.

It was shown by another witness, who lived about a mile from the Walt place, that, on the night the cotton was stolen, the defendant, McKinley Pitts, and Stewart came to his house about nine or ten o'clock at night, and stayed for an hour. The parties came in two cars, and did not give any reason for coming. McKinley Pitts was a stranger to those living in the house.

The testimony of these witnesses was sufficient to corroborate the testimony of McKinley Pitts and Lewis Stewart, who also testified that he assisted the defendant and McKinley Pitts in stealing 900 pounds of seed-cotton from the Walt place. Then, too, a cotton sack belonging to Alf Cunningham, one of the owners of the cotton, was found in the possession of McKinley Pitts the next day after the cotton was stolen. *Brewer* v. *State,* 137 Ark. 243, and *Middleton* v. *State,* 162 Ark. 530.

It was also shown by other witnesses for the State that 900 pounds of seed-cotton belonging to Alf Cunningham and D. C. Walt was stolen from the farm of the latter on the night of December 10, 1925. The cotton was worth about $45.

It is also insisted by counsel for the defendant that the evidence is not legally sufficient to support the verdict, because the venue was not proved.

The evidence for the State shows that the cotton in question was stolen from the farm of D. C. Walt. It was grown by Alf. Cunningham, who lived on the Walt farm, and who testified that he lived in Lonoke County. The distance of the Walt farm from the city of North Little Rock, Pulaski County, Arkansas, was also shown, and from these facts the jury might have legally inferred that the cotton was stolen in Lonoke County, Arkansas.

It is earnestly insisted that the court erred in permitting J. W. Cox to testify that McKinley Pitts had told him that he and the defendant and two other negroes had stolen the cotton in question from the Walt farm. This statement of McKinley Pitts to Cox was made after the stolen cotton had been sold and the proceeds divided between McKinley Pitts, the Stewarts, and the defendants.

This statement of McKinley Pitts to Cox, under these circumstances, was merely a narrative of a past occurrence, and it is well settled that declarations made by one conspirator after the conspiracy has ended is not admissible against those who were not present when the admission was made. The undisputed evidence showed that the conspiracy to steal the cotton had ended by the consummation of the crime, and that the defendant was not present when McKinley Pitts told Cox what had taken place in connection with stealing the cotton. *Gill* v. *State,* 59 Ark. 422, and *W. D. Stroud* v. *State,* 167 Ark. 502.

The rule is that evidence improperly admitted must be treated as prejudicial unless there be something to show that it was not. *Elder* v. *State,* 69 Ark. 648, and *Moon* v. *State,* 161 Ark. 234. The jury might have considered the incompetent evidence of J. W. Cox as corroborative of the testimony of Pitts and Stewart.

Another assignment of error is that the court erred in giving instruction No. 4. This instruction need not be set out, for the reason that it contains two paragraphs, and counsel for the defendant admit that the instruction is not objectionable as to one paragraph, and that the court properly declared the law in that paragraph.

This court has held that, where an instruction given by the court consists of two or more paragraphs, one of which has properly declared the law, a general objection to the instruction is insufficient. *Bruder* v. *State,* 110 Ark. 402.

In this connection it may be stated that that portion of the instruction upon which a reversal is sought is covered by the principles of law declared in this opinion with reference to the testimony of the witness Cox as to the statement made to him by McKinley Pitts, an accomplice of the defendant.

We call attention to this phase of the case in order that the court may properly instruct the jury upon a retrial of the case, although we would not reverse the judgment for the alleged error in giving the instruction because only a general objection was made to it.

For the error in admitting the testimony of J. W. Cox, as stated in the opinion, the judgment must be reversed, and the cause will be remanded for a new trial.