ATWOOD *v.* STATE.

Opinion delivered October 26, 1931.

470

*Floyd Terral*, for appellant.

*Hal L. Norwood*, Attorney General, and *Robert F. Smith*, Assistant, for appellee.

SMITH, J. Appellant was convicted of the offense of receiving stolen property, a Ford automobile. The automobile was stolen from the garage of B. M. Wilson at his home near Jacksonville, in Pulaski County, and was found at the home of appellant, who does not deny that the car was in his possession when found. ·

Appellant offered testimony to the effect that he sold a Ford car which he owned in April to one Keesey, and repossessed it about the second week in July, and during this interval Keesey, or some one else, made extensive repairs and practically consolidated this car with the stolen car, so that, when the stolen car was found at appellant's home, it had in it the motor and some other parts which had been in appellant's car, and that he did not know the car had been stolen.

It is insisted that, for this reason, there was a failure of proof, in that the car found in appellant's possession was not the car stolen from Mr. Wilson. We do not concur in this view. It is true, of course, that the motor is an essential part of an automobile, but an automobile was found at appellant's house which had been identified as the one stolen from Wilson, and it is no defense to show that the motor, or some other part, had been changed. The car found was the property of Wilson, and there is no variance between the indictment and the testimony.

The court gave, over the objection of appellant, an instruction on the possession of recently stolen property, reading as follows: "You are instructed that the possession of property recently stolen, without reasonable explanation of that possession, is evidence which goes to you for your consideration under all the circumstances of the case, to be weighed as tending to show the guilt of the one in whose hands such property is found, but such evidence alone does not imperatively impose upon you the duty of convicting, even though it be not rebutted."

This appears to be a substantial copy of the instruction set out in the opinion in the case of *Barron* v. *State,* 155 Ark. 80, 244 S. W. 231, but it was there said that the error in the instruction was such that a specific objection thereto was necessary to call the error to the attention of the court, and that, in the absence of such objection, it would not be held prejudicial. So here as there was no specific objection to the instruction, we must hold that giving it was not prejudicial error. It is true, of course, that an instruction on the possession of property recently stolen should not be given unless the possession of the property is so related to the larceny thereof in point of time so as to have some probative value on that account. But this is always a question of fact, and the value of such testimony diminishes as the time of possession becomes more remote from the larceny, but we are unable to say here that the possession of the stolen car was so remote in point of time that the possession thereof was without probative value.

It is very earnestly insisted that there was no proof of the venue in this case, and this is the most difficult question presented, as it must be admitted that the proof of venue is not as satisfying as it might easily have been made.

It is essential always to prove the venue in any criminal case, and this is true because § 10 of article 2 of the Constitution (which article bears the title, "Declaration of Rights") provides that "In all criminal prosecutions the accused shall enjoy the right to a speedy and public

trial by an impartial jury of the county in which the crime shall have been committed; * * *." The failure to prove the venue has therefore always been held to be a fatal defect in the testimony and requires the reversal of a conviction where this proof was not made. *Ware* v. *State,* 77 Ark. 19, 90 S. W. 619.

This essential fact, that of the proof of the place of the commission of the crime—the venue—is ordinarily so easily proved that many prosecuting attorneys neglect to prove it expressly, and such is the case here, but convictions are not necessarily reversed on that account.

The venue of the crime is no part of it and therefore does not have to be proved beyond a reasonable doubt, as the essential elements of the crime itself must be. Venue relates to and determines the jurisdiction of the court under the provision of the Constitution above quoted, and may therefore be shown by a preponderance of the evidence. It is a fact which may be inferred from all the circumstances shown by the testimony, and the venue is said to be proved when the place of the commission of the crime appears, from all the testimony in the case, to have been within the county in which the indictment was returned. *Brock* v. *State,* 171 Ark. 282, 284 S. W. 10; *Stribling* v. *State,* 171 Ark. 184, 284 S. W. 38; *Chambers* v. *State,* 168 Ark. 248, 270 S. W. 528; *Spivey* v. *State,* 133 Ark. 314, 198 S. W. 101.

We have a special statute fixing the venue in prosecutions for receiving stolen property. It is § 2871, Crawford & Moses' Digest, and reads as follows: "When any person shall be liable to be prosecuted as the receiver of any personal property that may have been feloniously stolen, taken or embezzled, he may be indicted, tried and convicted in any county where he received or had such property, notwithstanding such larceny may have been committed in another county."

This statute was sustained and construed in the case of *Smith* v. *State,* 169 Ark. 913, 277 S. W. 530, where it was held that the receiver of stolen property may be tried in any county where he "had or received" the prop-

erty, and that the section quoted was intended to allow and did authorize the receiver of stolen property to be tried in any county where he either first received the property or at any time afterwards had it. See also *Satterfield* v. *State*, 174 Ark. 733, 296 S. W. 63.

Here a witness named Brown testified that he was a deputy sheriff, but did not state for what county. He did testify, however, that the stolen property was found at appellant's home, but he did not state that his home was in Pulaski County, in which the indictment was returned and the trial and conviction had. But another witness, W. W. Garner, a deputy sheriff of Saline County, testified as follows: "Yes, I was deputy sheriff in Saline County; I went out with Mr. Brown and made a search for the car at another place, how come me with them in Pulaski County." We think this testimony supports the inference and sustains the finding that Garner went with Brown to search for the car, and that it was found at appellant's home, which, as Garner testified, was the place in Pulaski County where he went with Brown to search for the car and where it was found.

We conclude therefore that the testimony sufficiently establishes the venue in Pulaski County.

We cannot refrain from taking this occasion to say that a little more care on the part of the prosecuting officer would remove such difficulties as this case presents.

On the whole case we think the venue was established in Pulaski County, and that no error appears in the record. The judgment must therefore be affirmed, and it is so ordered.