WILLIAMS *v.* STATE.

Crim. 3827

Opinion delivered January 9, 1933.

*Hal L. Norwood,* Attorney General, and *Pat Mehaffy,* Assistant, for appellee.

McHANEY, J. Appellant was convicted of murder in the first degree for the killing of C. H. Atwood, an employee of the Black & White Store at 12th and Welch streets, Little Rock, Arkansas, while engaged in robbing the store, and was sentenced to die in the electric chair. The robbery and killing occurred April 15, 1932.

In his motion for a new trial, appellant assigns two errors of the trial court for reversal, to-wit: (1) ''because the court erred in allowing the prosecuting attorney to ask the jurors as to their conscientious opinions in the manner in which the questions were framed''; and, (2) because the verdict is contrary to the law and to the evidence.

1. We understand this assignment refers to the questions asked prospective jurors on their *voir dire* concerning any conscientious scruples they might have in returning a verdict of guilty where the punishment is fixed by law at death if the facts justified such a verdict. We understand further that the objections made go to the form of the questions only. The form of the questions objected to varied somewhat in wording, but substantially they were all the same. For instance, one juror

was asked this question: "Have you any conscientious scruples against returning a verdict of guilty where the punishment is fixed at death if the facts justify returning a verdict of that sort?" Another was asked: "Have you any conscientious scruples against voting for a verdict of guilty where the law fixes the punishment at death?" Substantially all the questions were the same. It is well settled in this State that there is no error in permitting the prosecuting attorney to ask prospective jurors such questions. In *Bell* v. *State,* 120 Ark. 530, 180 S. W. 186, the State was permitted, over appellant's objections, to ask prospective jurors similar questions which was assigned as error. Overruling this contention, the court said: "Under the law, as we construe it, capital punishment has not been abolished, and it still being within the province of trial juries to return a verdict that would result in capital punishment, the State, in the trial of cases where the death penalty may be imposed, is entitled to a jury that has no conscientious scruples as to such penalty." And in *Jones* v. *State,* 58 Ark. 390, 24 S. W. 1073, this court held that: "It was altogether proper for the prosecuting attorney to ask the jurymen on their *voir dire* if they had any conscientious scruples that would preclude them from returning a verdict of guilty when the law and evidence would justify same; and, on their answering the question in the affirmative, it was not error in the court to excuse them." The court did not therefore err in overruling the objections to the questions asked the jurors.

2. As to the assignment of error, that the evidence was insufficient to support the verdict, but little need be said. Counsel for appellant, in open court, admitted that he was the man that robbed the store and shot Mr. Atwood, and that it occurred in Pulaski County. The undisputed evidence further shows that appellant deliberately killed Mr. Atwood in cold blood while engaged in robbing said store; that he came into the store with a gun in each hand, forced two of the employees into the ice box, held up a customer, and, while robbing the

cash drawer, when Mr. Atwood rose up from behind the counter to see what was taking place, appellant shot him. He was a short time thereafter captured by the officers, still having the two guns in his possession and confessed his guilt. No evidence was offered in appellant's behalf. Under this state of the case, the jury could not well or reasonably have returned any other verdict than guilty, as charged in the indictment, carrying with it the death penalty.

Affirmed.