MUSTAIN *v.* STATE.

Crim. 3899

Opinion delivered October 15, 1934.

*Ezra Garner,* for appellant.

*Hal L. Norwood,* Attorney General, and *Pat Mehaffy,* Assistant, for appellee.

BUTLER, J. The appellant, H. A. Mustain, shot and killed one Ray Wilson, who, together with others, was stealing sugar cane from Mustain's patch. He was indicted for the crime of murder in the first degree and convicted of involuntary manslaughter. On the trial he interposed as a defense that the homicide was the result of a misadventure, and therefore excusable, and complains here of instruction No. 8, given by the court on motion of the State, insisting that the giving of this instruction was error. That instruction is as follows: "You are instructed that, if you find from the evidence beyond a reasonable doubt that the defendant armed himself with a shotgun and went to his cane patch and lay in wait for the deceased and his companions, with the specific intent to take their lives, and fired the shots with the intent to carry out that attempt, then he is precluded from interposing the defense of justifiable or excusable homicide."

Counsel for appellant argues that this instruction placed the burden of proof upon the appellant to prove that he did not arm himself and lie in wait at the cane patch with the intent to take the life of the deceased, and that he did not fire the fatal shot with the intent to carry out that purpose. The instruction is not open to this criticism, for it definitely places upon the State the burden of proving all of these facts beyond a reasonable doubt.

It is further argued that this instruction precluded the appellant from offering any testimony relating to his defense and casts upon him the burden of proving his innocence. Neither is this objection well taken. The instruction goes no further than to preclude the appellant from interposing the defense of excusable homicide if the jury should find from the evidence beyond a reasonable doubt that the fatal shot was fired under circumstances which would make the slayer guilty of murder in the first degree. Appellant did, in fact, introduce testimony without objection, which, if accepted in its entirety by the jury, would have established his innocence. The instruction was not prejudicial for the reason that the jury found in the killing none of the elements necessary to constitute murder in the first degree, but that the homicide was involuntary manslaughter. For this reason we deem it unnecessary to set out the testimony tending to establish the crime of murder in the first degree.

As noticed, the defense was that the killing was accidental and incident to a lawful act done with due care. This defense was submitted to the jury by full and fair instructions given at the request of the appellant. To establish his defense, he testified that he had discovered that his cane was being stolen; that he went to the cane patch on the afternoon of the homicide and waited a short distance away in order to discover and apprehend the thieves; that after a time, from the movements of the cane and voices heard, he discovered the thieves were depredating again; that he saw one by the name of McMahen coming toward him with a quantity of cane in his arms; that witness called upon him to halt, but, instead

of doing so, he turned and fled in the opposite direction; that when he did this witness fired his shotgun to the left of McMahen to frighten and stop him, but with no purpose of actually shooting him. Witness did not see Wilson and did not intend to shoot him or any one else.

There was testimony on behalf of the State tending to contradict that of the appellant and, in effect, that appellant was armed with a shotgun loaded with buckshot; that he had stated to a neighbor during the afternoon of the day of the shooting that he intended to kill any one he caught in his cane patch; that, after the shooting, when appellant had notified the sheriff and carried him to the cane patch, appellant stated to a deputy who was present that when he saw a person coming out of the patch with cane in his arms he called to him to stop and when this person did not obey he shot him and then shot again; that then he saw another boy, and if he had had another shell he would have shot him, too. This testimony refutes the contention of the appellant that the verdict of the jury was contrary to the law as given by the court and to all the evidence.

Another ground urged for reversal set up in the motion for a new trial and supported by the affidavit of the foreman of the jury was that the verdict was the result of a compromise by which some of the jurors were forced to, and did, surrender their conscientious convictions. On this ground it is sufficient to say that the only evidence offered was the affidavit referred to, which was incompetent under § 3220 of Crawford & Moses' Digest. This section, providing in substance that grounds for a new trial cannot be established by the testimony of a juror except where the verdict was made by lot, has been frequently construed and upheld by this court. Among the decisions is that cited by the appellee, *Moon* v. *State,* 161 Ark. 234, 255 S. W. 871.

No prejudicial error appearing and the testimony being sufficient to sustain the verdict, the judgment of the trial court is affirmed.