TYRA *v.* STATE.

Crim. 3979

Opinion delivered February 10, 1936.

*Kerby & Kerby,* for appellant.

*Carl E. Bailey,* Attorney General, and *Guy E. Williams,* Assistant, for appellee.

HUMPHREYS, J. This is an appeal from two separate judgments of conviction in the first division of the circuit court of Pulaski County, which were consolidated for the purposes of trial. In one case, he was convicted of violating the Liquor Control Act (Acts 1935, p. 258), and fined $10, and in the other for disturbing the peace, and fined a like amount.

Appellant seeks a reversal of the judgments because the evidence is insufficient to support the verdicts of the jury upon which the judgments are based.

The State introduced evidence tending to show that appellant was drunk, and, while in that condition, was cursing and threatening to kill James Walker, and fired a pistol in the presence of Walker's two daughters, which frightened them very much.

Appellant introduced evidence tending to show that he did not curse, was not drunk, made no threats to kill James Walker, and did not have or fire a pistol.

The evidence pro and con on the issue of guilt was of a substantial nature, and hence it became a question solely for determination by the jury. This court, on appeal, cannot invade the province of the jury to pass either upon the credibility of the witnesses or the weight to be given to their testimony. As far as we can go is to determine whether there is any substantial evidence to support the verdicts of the jury.

Appellant also seeks a reversal of the judgments because the court admitted evidence charging him with having committed other misdemeanors. This assignment of error in his motion for a new trial is not supported by the record. The record does not show that any such testimony was introduced over the objection of appellant.

Lastly, appellant seeks a reversal of the judgment on the ground that the record fails to show that the offenses occurred in Pulaski County. It is true that there is no direct proof in the record to show that they did occur in said county, but venue need not be established by direct proof. The venue in criminal cases may be proved by circumstantial evidence. *Spivey* v. *State*, 133 Ark. 314, 198 S. W. 101; *Atwood* v. *State*, 184 Ark. 469, 43 S. W. (2d) 70; *Ridenour* v. *State*, 184 Ark. 475, 43 S. W. (2d) 60. The charges against appellant were preferred in the municipal court of Little Rock, and the cases were appealed to the circuit court of Pulaski County. In testifying in the cases in the circuit court, the witnesses located the places where the alleged offenses occurred as the street in front of James Walker's residence and in the yard of Mrs. Rhodes, who lived next to the Walkers. Mrs. Alice Rhodes, who was testifying at the trial in the circuit court, said that, "James Walker is my brother, and lives next door to me. We are not on good terms, and all this trouble is on account of family disagreements. I was down town the evening of June 15th and went home with my daughter and Arthur Tyra, and was with him all evening up to and after the alleged trouble. When we went home by James Walker's gate (she then proceeded to tell what occurred)." Considering where she was when testifying, from her reference to going down town and back home with appellant, it may be reasonably and fairly inferred that she was talking about Little Rock. Had she had any other town in mind than Little Rock, she would have named the town. Being in Little Rock, she could well say that she went down town, meaning Little Rock, without saying Little Rock. That inference would naturally arise. If one were in the court house at Fort Smith testifying and should

say "I went down town," without designating the town, the fair inference would be that he was speaking about Fort Smith and not about Greenwood or Mansfield. We think the venue was sufficiently proved by the circumstances detailed in the case.

No error appearing, the judgment is affirmed.

JOHNSON, C. J., and BUTLER and BAKER, JJ., dissent.

JOHNSON, C. J., (dissenting). There is absolutely no testimony, direct, circumstantial, hearsay or otherwise proving or tending to prove that this offense was committed in Pulaski County, Arkansas.

In *Frazier* v. *State*, 56 Ark. 242, 19 S. W. 838, this court expressly held that venue must be established by the testimony, and reversed the case because it was not so established. Again in *Jones* v. *State*, 58 Ark. 390, 24 S. W. 1073, this court held that venue must be affirmatively established by the testimony, and reversed the case for this reason. We have never held, until now, that venue need not be established by testimony, although some progress in this direction was made in the cases referred to in the majority opinion wherein it was held that venue might be established by a preponderance of the testimony. Concededly we have always held that venue or any other issue of fact in a lawsuit may be established by circumstantial testimony, but the circumstances must be such as to lead to the inference. Even in civil matters we have consistently held that jury verdicts cannot rest upon conjecture and speculation. *Turner* v. *Hot Springs Railway Co.*, 189 Ark. 894, 75 S. W. (2d) 675; *National Life and Accident Insurance Co.* v. *Hampton*, 189 Ark. 377, 72 S. W. (2d) 543; *St. L. I. M. & S. Ry. Co.* v. *Enlow*, 115 Ark. 584, 171 S. W. 912; *St. L. I. M. & S. Ry. Co.* v. *Belcher*, 117 Ark. 638, 175 S. W. 418. Let's look at the facts and circumstances in testimony in this case which the majority say establish venue. They say, "The charges against appellant were preferred in the municipal court of Little Rock and the cases were appealed to the circuit court of Pulaski County." Admittedly this is true, but what of it? Even an indictment against an accused is no evidence of his guilt, and we

have so decided many, many times. *McDonald* v. *State,* 155 Ark. 142, 244 S. W. 20; *State* v. *Fox,* 122 Ark. 197, 182 S. W. 906, etc.

Does the majority intend to imply that because appellant was tried in the courts of Pulaski County this is a circumstance tending to show venue? If this be the implication of the opinion then I assert that the conclusions of 16 grand jurors as evidenced by indictment should be considered as testimony establishing the guilt of the accused but this court and all other criminal courts in the United States have consistently excluded indictments as testimony.

Next the majority say, "In testimony in the cases in the circuit court, the witnesses located the place where the alleged offenses occurred as the street in front of James Walker's residence and in the yard of Mrs. Rhodes, who lived next to the Walkers." Just what part of this testimony establishes venue is not pointed out. If it be "The street in front of James Walker's residence," then I suggest that there are James Walkers in practically every county in this State or if it be "in the yard of Mrs. Rhodes, next door to the Walkers," the same suggestion is likewise pertinent. If "street" be the word which establishes venue, then I enlighten the court by saying that Little Rock is not the only town in the State which has streets, for instance Texarkana and Blytheville and many others. Continuing the majority say, "Mrs. Rhodes who was testifying at the trial in the circuit court said that," [now we come to the quintessence] "James Walker is my brother and lives next door to me. We are not on good terms, and all this trouble is on account of family disagreements. I went down town the evening of June 15 and went home with my daughter and Arthur Tyra and was with him all evening up to and after the alleged trouble. When we went home by the James Walker gate." Just what part of this testimony establishes venue is not pointed out save that the majority say, "from her reference to going down town and back home with appellant, it may be reasonably and fairly inferred that she was talking about Little

Rock." This argument is boiled down to this language of the witness, "down town," and this is the criterion for the inference that this crime was committed in Little Rock. If Little Rock were the only town in the State this inference might be drawn but such is not the fact, and it was the height of conjecture and speculation for the jury or this court to judicially declare that Little Rock is the only town in the State.

The majority cite *Ridenour* v. *State,* 184 Ark. 475, 43 S. W. (2d) 60; *Atwood* v. *State,* 184 Ark. 469, 43 S. W. (2d) 70, and *Spivey* v. *State,* 133 Ark. 314, 198 S. W. 101, as supporting their conclusion that the State need not prove venue, but the cases cited do not support this conclusion.

In the Ridenour case the surveyor of Crawford County testified that he was shown the place where the witnesses said the still was located, and that this place was in Crawford County. Compare this with the testimony here that the witness was "down town," or that the crime was committed at "James Walker's place upon a street."

The other cases cited by the majority are equally antagonistic to the majority view, and it is my belief that no appellate court in the United States until now has held that the State need not prove venue. Venue in a criminal case is provided for by constitutional mandate. See art. 2, § 10, of the Constitution of 1874, which provides that, "In all criminal prosecutions the accused shall enjoy the right to a speedy and public trial by an impartial jury of the county in which the crime shall have been committed * * *," and it is my belief that this constitutional safeguard should be respected by the courts and not looked upon as an impediment to the expeditious affirmance of criminal cases.

This case should be reversed and remanded for a new trial.