# *Ex parte* Clements.

*Application for Mandamus to Circuit Court, to procure Discharge from Custody under Criminal Charge.*

1. *Unauthorized discharge of jury in criminal case.* — The unauthorized discharge of the jury in a criminal case, after the trial has been begun, amounts to an acquittal, and is available as a defence, on another trial, under the plea of former acquittal.

2. *When mandamus lies in criminal case.* — A *mandamus* will not be awarded in

## 460 SUPREME COURT

a criminal case, to procure the petitioner's discharge from custody and further prosecution under an indictment, when the facts relied on are available as a defence under the plea of former acquittal.

APPLICATION for *mandamus* to the Circuit Court of Perry, Hon. M. J. SAFFOLD presiding, to procure the petitioner's discharge from custody and further prosecution under an indictment, pending in said court against him, for the murder of John Keeton. The material facts are stated in the opinion of the court.

W. B. MODAWELL, for the petitioner.

L. M. & J. WALTHALL, *contra.*

PETERS, C. J. — This is an application for *mandamus*, to be directed to the honorable judge of the first judicial circuit, sitting in and for the county of Perry, to compel said judge to discharge the petitioner, James Clements, from further prosecution in the circuit court of said county on an indictment pending in said court, for a charge of murder of John Keeton. The grounds on which this application is made are — that said Clements was put on his trial in said court, on said charge for murder, and after some evidence in support of the accusation had been submitted to the jury, the trial was suspended, and the jury was discharged, without a sufficient legal reason therefor, against the objection of the accused ; that this amounted to an acquittal of the accused, and entitled him to be discharged from further prosecution on the charge alleged in the indictment. There were, also, some other irregularities, alleged to have been committed in selecting and empanelling the jury thus discharged ; but as these irregularities are not such as would avail anything on this application, they will not be further noticed. On the failure of the trial in said circuit court, and a continuance of the cause in said court, the petitioner moved said court to be discharged from further prosecution for said offence ; but the court below refused said motion, and held said petitioner for trial on said indictment.

The court below was certainly correct in this refusal to discharge the petitioner from further prosecution on said indictment. If he was entitled to acquittal in the court below on account of the reasons assigned in the petition, this right can be exerted by plea on the trial in the court below. 4 Bla. Com. p. 336, marg. ; 33 Ala. 389 ; 39 Ala. 229. If former acquittal is properly pleaded, and proven, it is a valid defence. 44 Ala. 393, and cases above cited. Then the petitioner has a sufficient and well ascertained remedy at law. When this is the case, *mandamus* will not be allowed. 1 Brickell's Dig. p. 240, §§ 4, 7. · The application is denied, with costs.