## HALEY *v.* STATE.

Opinion delivered June 5, 1911.

RAPE—DYING DECLARATIONS.—In a prosecution for rape dying declarations of the alleged victim, not shown to be part of *res gestae,* are inadmissible.

Appeal from Perry Circuit Court; *Robert J. Lea,* Judge; reversed.

*J. H. Bowen,* for appellant.

The admission of the declaration of Florence Brown was erroneous because by reason of her infancy she was not a competent witness and there was no showing that she had conception of the legal and moral obligation of an oath. 1 Greenleaf on Evidence (15 ed.), 504, § 367; Bradner on Evidence (2 ed.) 135, § 5; 10 Cal. 66; 28 La. Ann. 327; 10 Mich. 374; 23 Minn. 108; 68 Mo. 206; 16 S. E. (W. Va.) 803; 42 Pac. 555; 3 S. W. 757; 11 S. W. 409; 14 S. W. 760; 33 S. W. 809; 35 S. W. 174. And especially was it inadmissible because dying declarations are admissible in homicide cases only where the death of the deceased is the subject of the charge, and the circumstances of the death are the subject of the dying declaration. Bradner on Ev. (2 ed.) 450, § 10; Greenleaf on Ev. (15 ed.) 224, § 156; 21 Cyc. 981; 32 So. 183; 16 B. Mon. 15; 71 Ga. 128; 110 Pa. 100; 15 Johns. 286; 165 Mass. 174; 47 N. C. 41; 47 Mo. 239; 17 Ala. 587; 94 Cal. 595; 5 Col. App. 91; 139 Ill. 81; 46 Ind. 311; 60 Kan. 772; 9 Ky. Law Rep. 385; 75 Miss. 559; 15 Neb. 484; 35 O. St. 78; 26 S. C. 152; 41 Tex. 246; 15 Utah 480; 25 Wis. 384.

*Hal L. Norwood,* Attorney General, and *William H. Rector,* Assistant, for appellee.

The admission of testimony to prove the dying declarations of Florence Brown was erroneous, there being no statute of this State authorizing the admission of dying declarations in a prosecution for rape. Such declarations are admissible only in prosecutions for homicide. Wigmore on Ev. (3 ed.), § 1432; 50 Ala. 459 and cases cited; Greenleaf on Ev. § 156; 21 Cyc. 981; 165 Mass. 174; 110 Pa. 100; 71 Ga. 128; 35 Am. Rep. 596.

Dying declarations are not admissible if, for any reason, the declarant would have been an incompetent witness. 2 Wigmore on Ev. (3 ed., Bowlby), § 1445; 45 Pac. 650; 21 Cyc. 974; 56 L. R. A. 432; Greenleaf on Ev. (15 ed.), § 157; 39 Ark. 229; 93 Ark. 156.

Wood, J. The appellant was convicted of the crime of rape. The court permitted evidence of the dying declarations of the victim of the alleged assault to go to the jury. The Attorney General confesses that the trial court erred in its ruling. This presents the only question for our consideration. The confession of error must be sustained. "Dying declarations," says the Supreme Court of Alabama, "according to the unbroken current of modern authorities, are admissible only in cases of homicide, when death, with the circumstances attendant on it, and the guilty agent in producing it, is the subject of inquiry." *Johnson* v. *State,* 50 Ala. 459; Greenleaf on Ev. (15 ed.), § 156; Wigmore on Ev. (3 ed., Bowlby), § 1432. We have no statute making the dying declarations of a victim of rape admissible as evidence. In the absence of such statute, it was error to admit them in the case at bar. It is not shown that the declarations were of the *res gestae.* The judgment is therefore reversed, and the cause is remanded for a new trial.