### Consolidation Coal Company v. Pratt.

(Decided April 14, 1916.)

### Appeal from Letcher Circuit Court.

Master and Servant—Animals—Personal Injury—Contributory Negligence.—An employe who, without warning to the mule, stoops near his hind feet to pick up a tail-chain and at the same time strikes the mule with a whip, and thus invites and provokes the mule to kick, is guilty of contributory negligence and cannot recover of the master for a consequent injury.

ALLIE W. YOUNG, WM. G. DEARING and O'REAR & WILLIAMS for appellant.

IRA FIELDS, FELIX G. FIELDS and FIELDS & NEWMAN for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER.—Reversing.

This is a personal injury action in which plaintiff, John M. Pratt, recovered of the defendant, the Consolidation Coal Company, a verdict and judgment for $500.00. The company appeals.

Plaintiff, while in the employ of defendant, was kicked by a mule. He predicates his case on the fact that the mule was dangerous, vicious and unsafe, and, upon being whipped, beaten or annoyed, would kick at persons and thereby endanger their lives and safety; that these facts were known to defendant, or could have been known to it by the exercise of ordinary care, and were not known to plaintiff and could not have been known to him by the exercise of ordinary care. In addition to the foregoing facts, his petition alleges in substance that because of the difficulty in inducing the mule to enter the mine plaintiff was ordered by the superintendent to whip the mule, and that the superintendent assured plaintiff that the mule was gentle and safe and would not kick; that on the occasion of the accident he, in obedience to the direction of defendant's superintendent, whipped the mule for the purpose of forcing it to enter the mine, and while so doing and as a result of said whipping, the mule kicked and injured plaintiff.

In support of the allegations contained in his petition, plaintiff testified in substance as follows:

He had been doing grade work for the company for four or five months. The superintendent then directed him to drive in the mines. He worked for two days the mule that kicked him. The superintendent said that "the mule was good conditioned but would not stop," and told plaintiff to be careful and not let the car run on him when it started, but did not say anything about its kicking. The superintendent also told him to whip the mule and make it go into the mine. While driving the mule on the third day he hit the mule and it kicked him. Before that he had trouble with the mule every time he started into the mouth of the mine. At the time of the accident another employe was pulling on the mule with a bridle or halter. Plaintiff was stooping down trying to get hold of the tail-chain. A part of the work that plaintiff was to do was to hook and unhook the chain. On cross-examination plaintiff stated that he had worked on a farm practically all

of his life.. During that time he had hoed corn, grubbed and done similar kinds of work. While he had plowed some, he had never driven any teams except oxen. He was assigned to the duty of driving the mule because he had applied to the superintendent for a job with more money. When he went to work he knew that the mule would not stand, but that was all.. The chain was near the mule's feet. He stooped down to get the chain· and at the same time hit the mule. He struck him with a limb · or little whip. When he first went to work the superintendent helped him to whip the mule. Plaintiff further says that he did not know that the mule would kick. He had never seen it make any demonstrations of that kind.

While plaintiff bases his right of action on the fact that the mule was dangerous and vicious and this fact was known to the master, or could have been known to him by the exercise of ordinary care, he fails to show that the mule ever kicked or showed any vicious tendencies on any previous occasion. On the contrary, he shows that he had driven the mule into the mine a number of times and had repeatedly whipped him, and that the mule bore his punishment with remarkable complacency and never attempted to injure plaintiff in any way. It was only when plaintiff took a position near the mule's hind feet and reached down to pick up the tail-chain, and at the same time struck the mule with a whip, that the mule gave way to his natural propensity and kicked plaintiff. The kicking propensity of the mule is a matter of common knowledge and has been the subject of comment from the earliest time. It is almost as universally recognized as the fact that a duck will swim or a cat will scratch. However, a duck cannot indulge his propensity without water and, ordinarily, a cat will not scratch unless irritated or attacked. But the mule requires no particular setting for the exercise of his high prerogative. He is liable to kick at any time and no one can plead ignorance of this tendency. This is not a case where the mule was shown to be more than ordinarily dangerous or vicious. It is not a case where the unexpected happened. It is a case where plaintiff not only invited disaster but actually provoked it. He made himself a convenient target by stooping down and placing himself near the mule's heels. Not being satisfied with this invitation, he actually applied the lash. Of course, there may be instances where a mule will sometimes surprise you and

refuse to kick, even though the circumstances be unusually propitious. But this is not such a case. Here the mule would have been untrue to himself and false to every tradition of his breed if he had passively acquiesced in such treatment and kept his heels on the ground. The quality of plaintiff's act cannot be the subject of dispute. All reasonable men will agree that he showed an utter disregard of his own safety. An employe cannot court danger by inviting and provoking a mule to kick him and then recover of the master for a consequent injury, on the ground that he is a *bona fide* cripple without notice. Tolvin v. Terrell, 133 Ky. 214, 117 S. W. 290. It follows that the trial court should have directed a verdict in favor of defendant.

Judgment reversed and cause remanded for a new trial consistent with this opinion.