## ALASKA LUMBER COMPANY v. SPURLIN.

Opinion delivered April 6, 1931.

*S. Hubert Mayes* and *Buzbee, Pugh & Harrison,* for appellant.

*J. H. Lookadoo,* for appellee.

McHANEY, J. Appellee received painful and permanent injuries while in the employ of appellant, for which he sued and recovered judgment for $2,500, under the following state of facts: Appellant operates a sawmill in Clark County. Appellee and others, including one Dickson, were skidding logs out of the woods to the roadway, where they were loaded on trucks and hauled to the mill. This was accomplished by appellee and the others with teams of mules hitched to a log by means of tongs or grab hooks and dragging them to the desired loading place. Appellee, who was driving one team and said Dickson another, had just hooked onto a log when Dickson's team, located from 30 to 50 yards distant, through the woods, (neither being able to see the other and not aware of their proximity) became unruly, ran astride a bush or sapling, which angered him, causing him to speak to his team in a loud and unusual tone of voice to "get out of there" and to slash them. It is alleged and testified to by appellee that this loud and unusual tone of voice and slashing or whipping of Dickson, caused his (appellee's) team to break away, jerked the

log to which he had hitched against another small log near it which knocked the end of the latter log against his leg, breaking both bones.

Appellant assigns and relies upon only one alleged error of the trial court—refusal to direct a verdict in its favor at its request. This assignment of error must be sustained. A mule is a domestic animal which has been said to be "without pride of ancestry or hope of posterity." Although faithful beasts of burden, when properly trained, as the proof shows these to be, whether under the saddle or in the harness, yet all persons who have had experience with them are familiar with their contrary and perverse nature and disposition at times. It is said that Balaam, Joseph and the Christ had occasion to use them in ancient times. It is a matter of common knowledge that mules will occasionally take a notion to walk or run away, and, although they may do some damage, they rarely hurt themselves. Speaking of the perverse nature of mules relative to their kicking habits, the Court of Appeals of Kentucky, in *Consolidative Coal Co. v. Pratt,* 169 Ky. 494, 184 S. W. 369, said: "The kicking propensity of the mule is a matter of common knowledge and has been the subject of comment from the earliest time. It is almost as universally recognized as the fact that a duck will swim or a cat will scratch. However, a duck cannot indulge his propensity without water, and, ordinarily, a cat will not scratch unless irritated or attacked. But the mule requires no particular setting for the exercise of his high prerogative."

In this case there is no allegation or proof that the master, appellant, furnished appellee a vicious or unruly team. The proof is to the contrary, that the team was tractable. Assuming for the sake of argument, that Dickson spoke to his mules in a loud tone of voice and whipped them when they became unruly, yet the fact is, he was 30 to 50 yards from appellee, could not see him, and did not know he was there and did not know he was hurt until he saw others taking him out. He therefore

could not have anticipated that his actions were likely to cause any damage to another, and neither could the master. As said by this court in *Wisconsin & Arkansas Lumber Co.* v. *Scott,* 153 Ark. 65, 230 S. W. 391: "To constitute actionable negligence, there must be negligence and injury resulting as the proximate cause of it. Proximate cause has been defined as a cause from which a person of ordinary experience and sagacity could foresee that the result might probably ensue." In *Daugherty* v. *Southern Cotton Oil Co.,* 138 Ark. 329, 211 S. W. 278, 4 A. L. R. 1431, it was held that the company was not liable for the blowing of a whistle about 40 feet from the street, causing a horse to run away and do damage to the plaintiff because "the whistle was blown in the ordinary way for a useful purpose in the conduct of appellee's business." In this case Dickson spoke in an unusually loud tone of voice, having become angry at the team for getting astride a bush, and struck them with a whip or switch, but for a useful purpose in the conduct of appellant's business.

Appellee cites the case of *Mississippi River Fuel Corp.* v. *Morris, ante* p. 207, but that case is not in point. There the whipping of the team was the immediate cause of the injury. Here Dickson's team caused no damage to appellee by being slashed. It was appellee's own team that did the damage and was the immediate or proximate cause thereof.

The result is that appellant was not guilty of any actionable negligence, and the court should have directed a verdict at its request.

Reversed and dismissed.