NATIONAL LIFE & ACCIDENT INSURANCE COMPANY *v.* HAMPTON.

4-3486

Opinion delivered June 11, 1934.

*Bevens & Mundt,* for appellant.
*Polk & Orr,* for appellee.

JOHNSON, C. J. On August 1, 1932, appellant issued its policy of insurance to Arthur Hampton by the terms of which it agreed to pay Annis Hampton, beneficiary, in the event of the accidental death of the insured, $400 as follows:

"INDEMNITY FOR SPECIFIC LOSSES FROM ACCIDENTAL INJURIES.

"If due directly (and independently of all other causes) from a bodily injury, which is sustained while this policy is in force and which is effected accidentally and through external and violent means (excluding suicide, sane or insane, and injuries fatal or nonfatal, intentionally inflicted upon the insured by himself or by any other person except by burglars or robbers) the insured shall, within ninety days of the date of such injury suffer either of the losses below enumerated in schedule B, the company will pay the amount set opposite such specific loss in the schedule B referred to; such payment to be in addition to the weekly indemnity provided in schedule A for the period of total disability prior to the date of such specific loss.

"SCHEDULE B

"Accidental Loss of Life          The principal sum."

On February 11, 1933, the insured died, at which time the policy of insurance was in full force and effect.

Thereafter this suit was instituted by Annis Hampton, the designated beneficiary, against appellant, alleging the contract, its effectiveness at the time of the death of the insured by accidental means, and sought recovery of the sum of $400, together with penalty and attorney's fees.

The testimony, when viewed in the light most favorable to appellee and as stated by appellee in her brief filed herein, was to the following effect:

"Now, analyzed as an intelligent chain of facts and circumstances, let us see if the appellee has presented facts and circumstances sufficient to meet the requirement of the law as expressed by this court regarding the sufficiency of evidence to sustain a verdict. Appellee has shown that the insured was a well and able-bodied man

of forty-six years of age; that he had been working continuously for some five or six weeks prior to the time of his fall and injury; that he was strong and well enough to roll six-hundred-pound bales of linters, with a co-worker, for ten hours a day, and this was testified to by Sol Brown, Annis Hampton, Hattie Gilstrap and the foreman, Mr. Ritchie; that, while in the act of rolling one of these bales, he unexpectedly stepped down into a hole some two or three feet, and, as a result of same, received an unexpected and severe jolt; that prior to that time he had not complained in any way of not feeling well, but a short time after the fall he complained of being sick and a little later in the afternoon of having a chill, which necessitated his quitting work some thirty minutes before the regular quitting time; that about seven o'clock his wife found him at home sick and unable to eat supper and complained of suffering with pains in the stomach.''

The jury returned a verdict in favor of appellee, and this appeal is therefrom.

But one serious contention is presented on this appeal, namely, that the testimony is insufficient to support the verdict of the jury. It is the well-settled doctrine in this State that a jury's verdict cannot be predicated upon conjecture or speculation. *St. Louis, I. M. & S. Ry. Co.* v. *Enlow,* 115 Ark. 584, 171 S. W. 912; *St. Louis, I. M. & S. Ry. Co.* v. *Belcher,* 117 Ark. 638, 175 S. W. 418.

Mr. Justice Brewer, in *Patton* v. *Texas & Pacific Ry. Co.,* 179 U. S. 658, tersely stated the doctrine as follow:

''It is not sufficient for the employee to show that the employer may have been guilty of negligence—the evidence must point to the fact that he was. And where the testimony leaves the matter uncertain and shows that any one of a half dozen things may have brought about the injury, for some of which the employer is responsible and for some of which he is not, it is not for the jury to guess between these half a dozen causes and find that the negligence of the employer was the real cause, when there is no satisfactory foundation in the testimony for that conclusion.'' And without adding to or subtracting

from the rule thus stated, we announce our approval thereof.

The effect of the testimony here presented and heretofore quoted falls far short of the requirements of the rule as heretofore announced. No witness testified, from opinion or otherwise, that the insured died from the effects of any accidental injury received by him, nor does any witness testify that the fall, which he received on February 8, immediately prior to his death, was even a contributing factor thereto. Neither did any witness testify to any facts or circumstances from which it might be inferred that the insured's death resulted from this fall. The physician called by the insured and who attended him during his last illness testified to no. such fact or circumstance. On the contrary, this physician testified that the insured died of a cerebral hemorrhage, which was probably caused by excessive vomiting, and that this excessive vomiting was caused from the effects of a chill which insured had during the evening of February 8.

Under long-established rules of this court, the burden rested upon appellee to show by evidence, not only that the insured suffered an accident, but that his death resulted therefrom. This the testimony here presented wholly fails to do.

Thus it definitely appears that the jury's verdict was based upon conjecture and speculation, and not upon facts and circumstances introduced in evidence, and for this reason cannot be sustained.

It follows from what we have said that the trial court erred in refusing to direct the jury to return a verdict in favor of appellant when requested so to do, and likewise in refusing appellant a new trial upon consideration of its motion therefor.

Since the case seems to be fully developed, it will be reversed and dismissed.