LEWIS *v.* JACKSON.

4-3902

Opinion delivered June 10, 1935.

*Pearson & Pearson,* for appellant.

*U. A. Lovell* and *Sullins & Perkins,* for appellees.

BAKER, J. The appellant, James L. Lewis was engaged in business at Springdale, Arkansas. On or about May 28, 1934, he sent a truck loaded with eggs and wool to Springfield, Missouri. Kirk Edwards was the driver of the truck. E. L. Jones, a boy about 17 years of age, though not employed by James Lewis, was permitted to go on the trip with Edwards.

At Monett, Missouri, Jones, who was an experienced driver, undertook to drive the truck, and, while he was driving, an accident occurred in which the truck was turned over, and Jones was so seriously injured that he died a few hours later.

Mrs. James Jackson filed suit against Lewis, the owner of the truck, in whose business it was operated, for damages, alleging that the brakes were defective, that the steering gear of the truck was defective, and that on account of these defects the accident occurred in which E. L. Jones was killed. Plaintiff pleaded further that these defects were well known to both Kirk Edwards and to James Lewis; that Jones did not know and was not advised in regard to such defects. After the suit was filed, Jones' father, E. L. Jones, Sr., was made a party plaintiff, and the case proceeded to trial in the names of Mrs. James Jackson and E. L. Jones, Sr., as plaintiffs. Mrs. Jackson was the former wife of E. L. Jones, Sr., but they had been separated for several years.

It was alleged as to the defective brakes that the brakes would sometimes "grab" and would sometimes stop the truck.

The answer denied all material allegations of the complaint, pleaded further that Jones had full and complete knowledge of the danger, hazard, or risk in driving the truck for the reason that he had driven it a day or two before, but without the knowledge or consent of Lewis; that he assumed whatever risk there was incident to the operation thereof.

We do not find it necessary to set forth with any great detail the facts in relation to this accident. We think however that a proper decision of the issues must be dependent upon the facts established by the evidence rather than upon the several propositions of law, argued in the briefs filed.

A summary of the facts, though given the strongest probative value, when considered in support of verdict and judgment rendered, are about as follows: A day or two prior to the time of the accident, E. L. Jones was on some trip with Kirk Edwards, was permitted to drive, and at that time called the attention of Edwards to the fact that the brakes would "grab," and this matter was discussed by them. This is proved by the testimony of Kirk Edwards, who was called and testified as a witness for the appellees.

On the day of the accident, after reaching Monett, Missouri, Edwards complaining of being tired, Jones took the wheel to drive for Edwards. He had driven but a short time when somewhere near Republic, Missouri, in the vicinity of Blade's Filling Station, at the junction of highway No. 60 with highway No. 38, the truck left the paved part of the road, and the wheels on the left-hand side dropped from the pavement to the gravel about six inches lower than the top of the pavement, causing the truck to turn over and throw Jones and Edwards out of the cab. Jones was so seriously injured that he never regained consciousness thereafter.

Edwards and others who witnessed the accident say that the truck had been following a car for some distance going north up a slight grade to a point near the filling station at which place the road turned at a right angle sharply to the east. At the point where the accident occurred the truck was but a short distance behind the car it followed up the hill. Both truck and car were moving at a moderate rate of speed. The turning point started upon a downgrade. It was at this juncture of time and place that the truck was either driven off of the pavement or skidded therefrom causing it to overturn.

Edwards, in his examination in chief for the appellees, testified: "Q. Do you know whether or not he applied the brakes? A. I wouldn't be positive, I think he did. Q. Do you say you think he applied the brakes? A. I think he did. Q. Do you know whether or not there was anything wrong with your brakes or steering gear of the car? A. It was the brakes. Q. Just what was wrong? A. They grabbed. Q. You think he applied the brakes and it hung the wheel and over you went? A. Yes, sir." Edwards said he did not notice the car ahead till right on it, and that Jones "pulled around to go around the car."

The effect of the testimony of Mrs. Marjorie DuVall, who was driving the car only a short distance away, follows: "We were ahead of the truck; I was going north and turned east. I was not driving more than 12 miles an hour when I turned the corner. I saw the truck when it left the pavement and when it was in the gravel off of the pavement. When it hit the gravel, I noticed it. I was driving slow enough that I watched the car all the time, looking back and watching it. I was going slow enough that the car stopped itself. I saw it turn over. The truck had not attempted to pass me." Mrs. Kimmerman testified to substantially the same facts, saying: "I kept watching the truck, and the two fellows in it seemed to be laughing and talking, and all of a sudden the wheels on the left side got off the road and hit and started turning over. This was all of a sudden."

All of these witnesses were testifying on behalf of the plaintiffs, and the effect of the evidence above stated has been given its highest force or value to sustain the verdict of the jury.

The trial court sent the case to the jury over the objection of the defendant. The jury rendered verdict for $1,250, upon which judgment was rendered. From this judgment appeal has properly been brought to this court. Some incidental facts not stated above will be set forth in the analysis we make.

It can make little difference that E. L. Jones was a guest or passenger, nor can it make any substantial difference that he was permitted by Edwards to drive the

truck without the knowledge or consent of the owner of the truck. Lewis was called as a witness by the plaintiffs and testified that Jones had no right to take charge of or drive the truck, and that he did not know of any defect in the brakes as he had but recently had them repaired, and had not been advised that the effort to repair had been unsuccessful.

As stated above, the defects alleged were bad brakes which would "grab" and of steering gear in bad condition. No evidence was offered tending to show that the steering gear was bad, and that issue passed out of the case and was not submitted to the jury.

The evidence was sufficient to show the defective condition of the brakes, but there is no proof whatever tending to show that the injury was caused by reason of the defective brakes. It is just as reasonable to suppose from foregoing testimony that Jones intentionally or mayhap inadvertently drove the car off the pavement or drove so near the edge of the pavement that in making the turn the truck skidded to the gravel. Appellees rely on testimony of Kirk Edwards quoted above, but that evidence is not satisfactory. It is made clear by the questions and answers that he merely expressed an opinion. The opinion may be correct. The jury had no test for its accuracy. His opinion as stated by him could do no more than raise a similar surmise in the minds of the jury. There were no other facts or circumstances to justify a fixed conclusion. Plaintiffs alleged negligence in supplying a truck with brakes that would "grab" on some occasions. Was the jury warranted in a conclusion that the brakes "grabbed"? If so, was it warranted in going still further and by conjecture find that this second surmise of fact caused the truck to turn to the left and run off the pavement, or skid therefrom? No facts or circumstances have been called to our attention to justify such conclusions. Giving to the testimony its strongest probative value will not supply matters not proved, nor will surmises be converted into verities. The proximate cause of the fatal accident cannot be determined. The verdict was possible only by permitting surmise and conjecture to supply facts incapable of proof. This was error. See

*Turner* v. *Hot Springs Street Railway Co.,* 189 Ark. 894, 75 S. W. (2d) 675, and cases cited therein.

We are aware that the accident occurred in Missouri, and that the law applicable to the case must be the law of Missouri. No citation of authority from that jurisdiction has been called to our attention, nor have we found any, obviating the necessity of proving the negligence alleged. Since we have decided that the evidence does not establish liability of appellant, it is unnecessary that we discuss or decide other interesting questions appearing in the briefs of the parties.

The trial court was in error in not directing a verdict for the defendant. The judgment is therefore reversed, and the cause is dismissed.