Crim. 4013.

Opinion delivered November 16, 1936.

*Rains & Rains,* for appellant.

*Carl E. Bailey,* Attorney General, *Guy E. Williams* and *J. F. Koone,* Assistants, for appellee.

Johnson, C. J. This appeal comes from a sentence to the state penitentiary, imposed by a jury in the Crawford circuit court wherein appellant, George Wills, was duly indicted for the crime of assault to rape. The most serious contention urged upon us for reversal, and the only one necessary to decide, is that the testimony adduced by the State is wholly insufficient to sustain a conviction for the crime charged. The testimony adduced by the State, as abstracted by the attorney-general, is as follows:

"Naomi Golden was fifteen years old. She lived at Mulberry. Appellant did not know her and she did not know him. The assault was made upon her in Van Buren. She had come to Van Buren in a truck with Fay Sikes and others to visit Fay Wise. On her way from Fay Wise's she overtook and tried to pass appellant and Gene Miller. Appellant said, 'hello, baby.' She did not stop and he grabbed her and put his arms around her.

They tore her shirt, invited her to go home with them and accused her of having a foul disease when she refused to go. Miller tripped her and caused her to fall into a ditch and she was later slung into the ditch, seemingly by appellant. Wills was hitting her while she was in the ditch. She did not say that Wills was not trying to have sexual intercourse with her. She had done some 'hollering' when knocked into the ditch and Mr. Fleming came down there.

"Orville Fleming testified: The boys had stopped her and were holding her and had torn her shirt. The girl started off a time or two and the boys would stop her. He spoke to Wills and Wills spoke to him. The girl would start off and the boys would stop her. One of the boys pushed the girl back and she and George fell off the embankment and Miller went away. Then the girl went to 'hollering.' She started up the bank and George seemingly pulled her back. He went down there and appellant had the girl down. He believed he was on top of the girl. At that time the officers came up and appellant, seeing who they were, resisted them. He was drinking.

"Q. What did George do that made you think that he was going further than he did? A. She was under him. Q. She didn't make any struggle, did she? A. No, sir, she didn't, he had one hand on her shoulder and was holding her down."

We agree with appellant's contention that the adduced and quoted testimony is insufficient to establish the charge of assault to rape although his conduct on the occasion of the assault is wholly indefensible and thoroughly reprehensible.

We have recently had occasion to define the charge of assault to rape and did so in the following language:

"It is well settled that an assault with intent to rape is an effort to obtain sexual intercourse by force and against the will of the person assaulted, and the intent is to be ascertained from the commission of some act or acts at the time or during the progress of the assault. The force actually used need be of no specific degree or character, but comes within the meaning of the law if it is reasonably calculated to subdue and over-

come; nor need it be persisted in until the assailant's design is accomplished; if the assault is actually begun and the intent can be inferred from the acts committed, the offense is complete, notwithstanding the fact that the assailant may, for some reason, relent and forbear from the consummation of his purpose." *Boyett* v. *State,* 186 Ark. 815, 56 S. W. (2d) 182.

The gist of the charge of assault to rape is the intent to obtain sexual intercourse with the female assaulted and this intent and purpose must be made manifest by evidence adduced. The assault in the instant case was made upon one of the main thoroughfares of the city of Van Buren and at a time when it was plainly observable to a number of people residing in the vicinity. The state's testimony carries none of the usual characteristics incident to rape cases, and the jury's verdict so finding rests on mere speculation and conjecture. Speculation and conjecture cannot be substituted for affirmative facts and circumstances. *Magnolia Petroleum Co.* v. *Bell,* 186 Ark. 723, 55 S. W. (2d) 782; *Southwestern Gas & Elec. Co.* v. *May,* 190 Ark. 279, 78 S. W. (2d) 387; *Marathon Oil Co.* v. *Sowell,* 191 Ark. 865, 88 S. W. (2d) 82; and *Lewis* v. *Jackson,* 191 Ark. 102, 83 S. W. (2d) 69.

As heretofore stated, appellant's conduct on the occasion of the assault is wholly inexcusable. The jury's determination that he is guilty of an assault is conclusive, but its finding of the degree of assault, namely, assault to rape, is without testimony to support it. The next lowest degree in the generic class of assault to rape is simple assault, and is defined as follows:

"An assault is an unlawful attempt, coupled with present ability, to commit a violent injury on the person of another." Section 2330, Crawford & Moses' Digest. The punishment is provided for in § 2332 by a fine not exceeding $100.

Appellant will, therefore, stand convicted here of the crime of simple assault, and the punishment will be fixed at a fine of $100, the maximum provided by law.

Modified and affirmed.