DEFRIES *v.* BATESVILLE WHITE LIME COMPANY.

4-5567                                    132 S. W. 2d 169

Opinion delivered October 16, 1939.

*Hugh U. Williamson, W. V. Thompson* and *W. M. Thompson,* for appellant.

*S. M. Casey* and *Shields M. Goodwin,* for appellee.

McHANEY, J. Appellant brought this action against appellee to recover damages for personal injuries which he alleges he sustained in August, 1936, while working for appellee as a laborer. His amended complaint, as abstracted, alleged that he was "engaged in loading stone

upon a tram car, used by appellee in hauling stone from their quarry in Independence county, to their kiln, a distance of about two miles from said quarry; that the tram car had been placed for loading in such manner that the west end of the car was some six inches lower than the east end, and that, in order to keep the car in place, a cross-tie had been fastened to an angle iron or bar attached to the end of the car about four feet from the center of the track with the other end of the crosstie fastened to one of the crossties in the center of said track; that, due to improper fastening of said cross-tie, same was caused to slip from its position in such manner that the tram car jerked backward, throwing a large rock from the top of the tram car, striking appellant on top of the foot, breaking several bones, etc.'' The gist of the negligence laid and relied on is ''in failing to securely fasten the said cross-tie so that same would not slip out of place.'' The defense was a general denial of the allegations of the complaint and a plea of contributory negligence, in bar of the action. On a trial, at the conclusion of appellant's evidence, the court, on motion of appellee, instructed a verdict for appellee, over appellant's objections and exceptions, and judgment was entered accordingly. The case is here on appeal.

Appellant, according to his own testimony, and he was the only witness to the accident, was working alone, loading rock on one of appellee's ''V'' shaped tram cars, to be hauled to its kiln about two miles away, over its narrow gauge line of railroad. We understand a ''V'' shaped car to be one with the point of the ''V'' at the bottom of the car. He had loaded the east end of the car and in doing so had piled the rock higher than the top of the car. While continuing to pile on rock, loading toward the west end, the car slipped backward about an inch, or, as he said, ''an inch or two,'' when one of the rocks piled above the side of the car, or above the top edge of the ''V'', fell off and landed on top of his foot. Can the fact that the car slipped an inch or two be said to be negligence? If so, was it the proximate cause of the injury?

The trial court held, and, we think, properly so, that there was no negligence shown. Appellant says he observed the brace, or "scotch," placed on the car as alleged, for the purpose of preventing it from running down the decline in the track, immediately after the accident, and that it was properly in place. In other words, the car had been and was at the time properly "scotched." Just what caused the car to move, he did not know, and he assumed, because it moved about an inch, that it was improperly done. Moreover, it is difficult to see just how the rock could have fallen off the car from so slight a movement. Naturally, it would have fallen to the rear, if at all, when the car stopped, instead of laterally. He had loaded the front two-thirds of the car, but the back one-third had only a few rocks in the bottom. If the rock fell off the car, because the car moved, a fact he did not mention to the foreman shortly after the accident, it must have been, because he piled the rock too high above the edge of the car, for otherwise, it could not have fallen, and this would be his own negligence. He saw his foreman immediately after the accident, and simply told him that a rock had fallen on his foot. He made no mention that the car moved, or that it was improperly scotched.

Employers are not insurers of the safety of their employees, and negligence is never presumed, except in *res ipsa loquitur* cases, from the mere fact of injury. Judgments cannot be based on speculation or conjecture. *National Life & Accident Ins. Co.* v. *Hamilton,* 189 Ark. 377, 72 S. W. 2d 543; *Marathon Oil Co.* v. *Sowell,* 191 Ark. 865, 88 S. W. 2d 82; *Missouri Pac. R. R. Co.* v. *Baum,* 196 Ark. 237, 117 S. W. 2d 31.

Here all we have in the evidence is that an accident happened resulting in injury, and an assumption of negligence, because the car moved an inch or two. This is not sufficient, and the court correctly directed a verdict for appellee.

Affirmed.