INDUSTRIAL MACHINERY COMPANY v. TIMBROOK.

4-6393                                          151 S. W. 2d 665

Opinion delivered June 2, 1941.

*Shouse & Shouse,* for appellant.

*Len Jones,* for appellee.

HOLT, J.   Appellant on May 31, 1940, brought this action in replevin to recover a compressor, a jack hammer, and other machinery, valued at $1,100 and for damages.   Appellant alleged in its complaint that it was the owner and entitled to the immediate possession of the

property involved. The answer was a general denial and alleged "that the property mentioned in plaintiff's complaint was on the 31st day of May, 1940, stored at Dudley Laffoon's by Orville Timbrook, deputy sheriff. That he levied on the above mentioned property by an execution obtained by Ed Kelley in the justice of the peace court of Bertie Roberts whereby he had obtained a judgment for $108.50 against the Brunn Construction Company." Upon a jury trial, there was a verdict in favor of appellees, and from the judgment thereon comes this appeal.

At the trial below it was stipulated by the parties, and the court so instructed the jury, that the only issue to be determined by it was: Did the plaintiff become the owner of this property on the 8th day of January, 1940, and is it the owner at this time?

As indicated, the jury determined this issue against appellant. Appellant earnestly insists here that there was no substantial evidence upon which to base the verdict and that the court erred in refusing to direct a verdict in its favor at the close of all the testimony. It is our view that this contention of appellant must be sustained.

On behalf of appellant (plaintiff below) H. E. Newlin testified that he (Harve E. Newlin) is president and Frank Mosbacher is vice-president of the plaintiff, Industrial Machinery Company; that the Industrial Machinery Company is the owner of the following property: "One Ingersol-Rand Jack Hammer No. 424760, serial No. G1349, model S 49, of the value of $100, one Gardner-Denver Air Pump, model AAD, 1001, serial No. 71940; and one Waukesha Gas Motor No. 1020, XAHU, serial No. 101805 H. Unit No. 10199, said air pump with gas motor of the value of $1,000; the total value of all of which is $1,100"; that it was acquired by purchase January 8, 1940, as evidenced by a bill of sale.

The bill of sale is in the usual form and recites that Fred W. Brunn has for $1 and other valuable consideration sold to the Industrial Machinery Company the property described in the complaint.

Frank Mosbacher corroborated the testimony of H. E. Newlin.

On behalf of appellees, Ed Kelley testified that he was previously employed by the Brunn Construction Company and that he obtained a judgment against it for $108 in November and that he placed an execution in the hands of constable Orville Timbrook to collect that judgment. The testimony of this witness continues as follows:

"Q. When was this judgment obtained by you against the Brunn Construction Company? A. In 1939, wasn't it? Q. You obtained the judgment in 1939? The court: I am doubtful about this. I think you ought to have a copy of the judgment. You can't prove anything by oral testimony that could be proved by the record. The record is the best evidence. You'd better get a copy of the record. Q. I show you here an exhibit of the plaintiff's testimony and I will ask what the date of that document is? A. The bill of sale? Q. And execution by Fred W. Brunn. Is that the Brunn of Brunn Construction Company? A. Yes, sir. Q. This bill of sale, dated January 8, 1940, was one of the Brunn Construction Company? The man that owned the company? A. Yes, sir. Q. And I believe the plaintiff admits there was a judgment against this company? Mr. Shouse: We admit he has a judgment. Q. Obtained previous to the bill of sale? Mr. Shouse: No, we don't admit when it was obtained, but that throws no light upon the issues."

Orville Timbrook on behalf of appellees testified that during the years 1939-1940 he was acting as constable of Zinc township. "Q. You are the man that took charge of the machinery? A. Yes, sir. Q. You were acting as constable with an execution when you took charge of this machinery? A. Yes, sir. Q. That was before January 8, 1940? Mr. Shouse: His execution would be the best evidence. Q. Did you serve that execution as constable? A. Yes, sir. Q. And took charge of this machinery as constable? A. Yes, sir. Q. Now, I wish to ask you if you had a conversation with the fore-

man of this Brunn Construction Company? A. Yes, he said that . . . Q. You heard the deposition read by Merle Shouse. The deposition is just the same as a man testifying. I will ask you if you know Harve E. Newlin who worked for the Brunn Construction Company? A. No, a fellow by the name of Fred Brunn is all I know.

"Q. When you levied on the machinery you talked to the man in charge? A. Yes, sir. Q. What did he tell you about this machinery? Mr. Shouse: We object. Q. Was there some man in charge of the property? A. Yes. Q. Did you talk with him? A. Yes, I talked to a fellow by the name of Fred Brunn. Q. Were they agents? A. They were the boss that went in the name of Brunn Construction Company. That is what they called it to everybody down there. Mr. Shouse: We object to the statement about what they told him. The court: Yes, that would not be competent. Mr. Shouse: There were two men. You talked to one. Was that Mr. Brunn? A. Zeke Brunn. Q. And the other was Fred somebody? A. Yes, sir. Q. And they were in charge of the work in this county conducted by the Brunn Construction Company. Is that what you mean to say? A. They were the boss of it. Q. The Brunn Construction Company was doing some work near Zinc? A. It was Zeke Brunn, and Fred . . . what you call his name. Q. Do you know how much work the Brunn Construction Company did down there? A. No, they were working on the dip to the railroad. I don't know how many dollars they spent."

Since the sole question here involved is that of ownership of the property on January 8, 1940, we have set out the testimony somewhat at length. It will be observed that the direct and positive evidence on behalf of appellant is that it purchased and became the owner of the property in question on January 8, 1940, for a valuable consideration and received a bill of sale therefor in proper form and duly acknowledged.

The testimony offered by appellees appears to be an attempt to show that sometime before the institution

of the present suit Ed Kelley obtained a judgment against the Brunn Construction Company, and that subsequently an execution was issued on this judgment. Just when this judgment was obtained, before what court, and when the execution was issued, this record does not reveal. Such judgment would not be a lien on personal property such as involved here and the court properly so instructed the jury.

A careful review of this entire record fails to disclose any substantial evidence to refute the positive evidence of appellant that the property here involved has belonged to it since January 8, 1940, and that it is entitled to possession thereof. This court has many times held that juries may not base their verdicts upon conjecture and speculation. In *National Life & Accident Ins. Co.* v. *Hampton,* 189 Ark. 377, 72 S. W. 2d 543, it is said: "It is the well-settled doctrine in this state that a jury's verdict cannot be predicated upon conjecture or speculation."

And again in *Fort Smith Gas Company* v. *Blankenship,* 193 Ark. 718, 102 S. W. 2d 75, this court said: "The indulgence in inferences will not supply a non-existent fact. Inferences to support a verdict arise out of facts established by evidence. Other inferences are purely speculative, or maybe guess work or conjecture. This method of dealing with the rights of parties has been condemned by many decisions. (Citing numerous cases.)" See, also, *Missouri Pac. R. Co., Thompson, Trustee,* v. *Wright,* 197 Ark. 933, 126 S. W. 2d 609; *Coca-Cola Bottling Company* v. *Wood,* 197 Ark. 489, 123 S. W. 2d 514; and cases there cited.

For the error indicated the judgment is reversed, and the cause remanded with directions to enter a judgment in favor of appellant.