SHARPENSTEEN *v.* STATE.

4697                                          250 S. W. 2d 334

Opinion delivered July 7, 1952.

*A. L. Smith,* for appellant.

*Ike Murry,* Attorney General, and *George E. Lusk, Jr.,* Assistant Attorney General, for appellee.

WARD, J. Appellants were charged by information with an assault with intent to kill. The material part of the information reads as follows:

"The said defendants on or about the 15th day of January, 1952, in Benton County, Arkansas, did unlawfully, willfully, feloniously, deliberately and with malice aforethought assault Ray Harrison with a deadly weapon, to-wit: An Iron Rod about one and one-half foot long, being then and there held in the hands of Jack Sharpensteen, Sr., with the unlawful and felonious intent then and there to kill and murder the said Ray Harrison, against the peace and dignity of the State of Arkansas."

On March 20, 1952, appellants were tried in circuit court on the above information and convicted by a jury of assault and battery.

Appellants prosecute this appeal on the sole ground that, under the former decisions of this court, they cannot be legally convicted of assault and battery under the information set out above. This is no doubt the law under our decisions and particularly as set forth in *Jones v. State*, 100 Ark. 195, 139 S. W. 1126, which has never been overruled in so far as we are informed. This rule however obtains only where the information fails, as here, to charge an actual battery was committed.

Regardless of the above pronouncement however, another question arises. Can appellants, under said information, be convicted of a simple assault? The answer is in the affirmative under the holding in the early case of *Cameron v. State*, 13 Ark. 712, which holding has been approved and never overruled by this court. The reason for this holding, as expressed in the decisions, is that the two offenses are of the same generic class. See *Underwood v. State*, 205 Ark. 864, 171 S. W. 2d 304.

Under the above situation this court has the authority to nullify the conviction for a battery and affirm as to a simple assault. For this authority see *Jones v. State*, supra, and *Wills v. State*, 193 Ark. 182, 98 S. W. 2d 72.

In affirming a conviction for a simple assault, the question arises as to the amount of fine to be assessed. Appellants were fined $200 for assault and battery, which was the maximum amount prescribed by Ark. Stats. § 41-604. The maximum fine prescribed for a simple assault is $100 under § 41-602. Although appellants could not, as stated above, be convicted of a battery yet evidence of a battery is always admissible in a prosecution for a simple assault to be considered by the jury in fixing the amount of fine to be assessed. The evidence in this case was not brought forward in the record and so we will assume that it justified the maximum penalty. Therefore the maximum penalty of $100 for a simple assault is here approved. See *Wills* v. *State, supra.*

The cause is modified as indicated above and otherwise affirmed.