646

Tom ELLIS and Wife, Kathleen
ELLIS *v.* Donald W. ROBINSON

CA 80-36                                              600 S.W. 2d 25
Court of Appeals of Arkansas
Opinion delivered May 21, 1980
Released for publication June 11, 1980

*Ed Alford*, for appellants.

*Michael Castleman*, for appellee.

ERNIE E. WRIGHT, Chief Judge. On October 16, 1978, the appellants entered into a written option with appellee Robinson, granting appellee the right to purchase 80 acres of land in Howard County for the sum of $125,000.00. The option was irrevocable for a period of three months from date, and would remain in force thereafter for an additional nine months, unless earlier terminated by the appellants by ten days written notice. In January, 1979, appellants orally informed the appellee they were revoking the option. On February 28, 1979, the appellee served on appellants by cer-

tified mail an acceptance of the offer, and in March the attorney for appellee informed the sellers an F.H.A. loan commitment had been obtained and requested an abstract of title certified to date as provided by the option.

The sellers learned the loan commitment was for $75,-000.00 and that appellee was proposing to assume the sellers' existing Federal Land Bank mortgage debt, but on May 11, 1979, the appellee obtained a commitment from the Federal Land Bank for a loan for most of the remaining purchase price not covered by the F.H.A. loan, and the sellers were to be released from the existing Federal Land Bank mortgage. The appellee proposed to pay out of his own funds the small amount not covered by the two loans.

Appellants declined to furnish an abstract of title, and appellee filed suit on April 11, 1979, for specific performance and for damages resulting from sellers' refusal to perform. Appellants duly answered the complaint.

After trial the court issued a memorandum opinion finding the appellee had properly accepted the option, that appellants had not given a ten day written notice of intention to terminate the option, the buyer had made proper demand for the abstract and appellants had failed to tender the abstract. The court ordered specific performance, and awarded appellee $2,360.00 damages on his testimony estimating damages allegedly sustained by him because of appellants' failure to close the sale. The alleged damages concerned hay crops from the land and anticipated broiler production.

Appellants assert three points for reversal, (1) the court erred in granting appellee relief because of appellee's repudiation and anticipated breach of the option agreement, (2) the option was null and void, and (3) there was insufficient evidence to support an award of damages.

The evidence is undisputed that appellee timely accepted the option and the appellants' only valid objection to complying with the contract was eliminated when it developed the Federal Land Bank would make a loan for the additional

funds needed for closing, and appellants would be released from the existing mortgage.

The court correctly granted specific performance, and we find no merit in appellants' argument that appellee was required to tender payment upon acceptance or exercise of the option. *Newberry* v. *McClaren*, 264 Ark. 735, 575 S.W. 2d 438 (1979). The agreement made no requirement of tender of the purchase price at time of acceptance of the option. The evidence shows appellee had tentative arrangements for the necessary funds to close, but final arrangements could not be made absent the abstract to be furnished by appellants.

However, as to the judgment for damages awarded appellee, the record reflects the only evidence to support a judgment for damages was the testimony of appellee giving his estimates of what his losses were in not obtaining possession of the lands. Such testimony, however, did not embrace evidence of the interest expense that appellee would have incurred had the sale been closed, and the evidence is otherwise highly speculative and conjectural. We conclude the evidence is not of such a substantial nature as is required to support the judgment. *Marathon Oil Company* v. *Sowell*, 191 Ark. 865, 88 S.W. 2d 82 (1935).

The decree of the court is modified to delete the award of damages, and affirmed as modified.